Dennis L. NESS and John E. Bowders, Appellants

v.

## YORK TOWNSHIP BOARD OF COMMISSIONERS.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 13, 2013.

Decided Dec. 4, 2013.

John E. Bowders, pro se.

Steven M. Hovis, York, for appellee.

BEFORE: PELLEGRINI, President Judge, and SIMPSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge SIMPSON.

Dennis L. Ness and John E. Bowders (Appellants), representing themselves, appeal from an order of the Court of Common Pleas of York County (trial court) that dismissed their petition for review challenging the York Township Board of Commissioners' (Board) adoption of the Township's 2012 Zoning Ordinance and Map (Zoning Ordinance) and 2012 Subdivision and Land Development Ordinance (SALDO) (collectively, Ordinances). Appellants' petition sought a declaration that the newly adopted Ordinances were void

due to procedural defects in their enactment. The trial court dismissed Appellants' petition as an untimely filed appeal under Section 108 of the Pennsylvania Municipalities Planning Code (MPC)[1] (relating to optional notice of ordinance or decision; procedural validity challenges). For the reasons that follow, we affirm, although we employ a different rationale.[2]

## I. Background

### A. Enactment of Ordinances

In July 2010, the Board advertised a public notice in the local newspapers of a Board workshop meeting to be held on Monday, July 12, 2010 to discuss updating the Zoning Ordinance. *See* Board's Motion to Dismiss (MTD),[3] 2/21/13, at Ex. H. Next, in January 2011, the Township advertised notice of a Planning Commission workshop meeting to be held on January 6, 2011 to review a draft of the proposed SAL DO. MTD at Ex. I. In February 2012, the Township advertised notice of another Planning Commission workshop meeting to be held on February 22 and 23, 2012, to review the drafts of both proposed Ordinances. MTD at Ex. J.

Thereafter, in April 2012, the Township twice advertised notice of a public hearing of the Planning Commission on April 17, 2012 to review the proposed Ordinances. MTD at Ex. K. Next, in July and August 2012, the Board twice advertised a public hearing before the Board to be held on August 13, 2012 to consider and receive comment on the proposed Ordinances. MTD at Ex. A.

At the August 13 hearing, the Board voted to adopt the Ordinances. Appellants were present at the August 13 hearing. In an e-mail message dated August 21, 2012, Appellant Bowders advised the Board that he intended to file suit in common pleas court to invalidate the newly adopted Ordinances. MTD at Ex. B. However, Appellant Bowders further advised:

> Upon written assurances that the [Board] will re-advertise promptly (and properly), serve [the full text of the Ordinances upon] the law library and newspaper, and conduct a new Public Hearing and a **"do-over vote"**, I will withhold legal action. Perhaps a *third* Public Hearing will convince the [Board] to vote consistent with the wishes of the citizens.

MTD at Ex. B (bolding and italics in original).

In late August 2012, the Board advertised notice of a public meeting to be held on September 11, 2012, for consideration of the Ordinances, and an amendment to the Zoning Map realigning the Urban Growth Boundary. MTD at Ex. C. The notice provided (with emphasis added):

> A copy of the full proposed text of the Ordinances summarized above may be purchased ... or *examined by any citizen in the office of the Township Manager*, 190 Oak Road, Dallastown, Pennsylvania, on business days between the hours of 8:00 o'clock am and 4:30 o'clock pm.

*Id.* Appellant Bowders attended the September 11 meeting and spoke in opposition to the Ordinances. However, the Board ultimately voted to adopt the Ordinances, which stated they would become effective

---

**1.** Act of July 31, 1968, P.L. 805, *as amended,* added by the Act of July 4, 2008, P.L. 319, 53 P.S. § 10108.

**2.** We may affirm a trial court's order on different grounds if the reasons for our decision are clear on the record. *Guy M. Cooper, Inc. v. E. Penn Sch. Dist.,* 903 A.2d 608 (Pa. Cmwlth.2006).

**3.** Original Record (O.R.) at Item # 10.

in five calendar days (September 16, 2012). *See* MTD at Exs. D, E.

Thereafter, pursuant to Section 108(b) of the MPC, 53 P.S. § 10108(b), the Township published post-enactment notice of adoption of the Ordinances in the local newspapers during consecutive weeks on September 19 and 27, 2012. MTD at Ex. F. The post-enactment notice provided in part:

> In accordance with 53 P.S. § 10108, this publication is intended to provide notification to any person claiming a right to challenge the validity of the ordinances described below that they may bring a legal action within thirty (30) days from September 27, 2012.

*Id.*

### B. Appeal to Zoning Hearing Board

On September 17, 2012, Appellant Bowders filed an "Appeal of the Adoption of the Zoning Ordinance and Zoning Map" with the Township's Zoning Hearing Board (ZHB). *See* MTD at Ex. G. The appeal cited *former* Section 909.1(a)(2)[4] of the MPC, which vested a zoning hearing board with jurisdiction over challenges to the validity of a land use ordinance raising procedural questions or alleged defects in the process of enactment or adoption.

### C. 2008 Legislation

However, the General Assembly, by the Act of July 4, 2008, P.L. 319, repealed *former* Section 909.1(a)(2) and replaced it with 1002–A(b) of the MPC, 53 P.S. § 11002–A(b), which now governs appeals raising validity challenges to land use ordinances. Section 1002–A(b) specifically provides (with emphasis added):

> (b) Challenges to the validity of a land use ordinance raising procedural questions or alleged defects in the process of

enactment or adoption shall be raised by appeal taken directly to the *court of common pleas of the judicial district in which the municipality adopting the ordinance is located in accordance with 42 Pa.C.S. § 5571.1 (relating to appeals from ordinances, resolutions, maps, etc.)*

53 P.S. § 11002–A(b).

In July 2008, the General Assembly also added Section 5571.1 of the Judicial Code (relating to appeals from ordinances, resolutions, maps, etc.) which provides:

> (a) **Applicability; court of common pleas.—**
>
> (1) This section shall apply to any appeal raising questions relating to an alleged defect in the process of or procedure for enactment or adoption of any ordinance, resolution, map or similar action of a political subdivision.
>
> (2) An appeal pursuant to this section shall be to the court of common pleas.
>
> (b) **Appeals of defects in statutory procedure.—**
>
> (1) Any appeal raising questions relating to an alleged defect in statutory procedure shall be brought within 30 days of the intended effective date of the ordinance.
>
> (2) except as provided in subsection (c), it is the express intent of the General Assembly that this 30–day limitation shall apply regardless of the ultimate validity of the challenged ordinance.
>
> (c) **Exemption from limitation.—**An appeal shall be exempt from the time limitation in subsection (b) if the party bringing the appeal establishes that, because of the particular nature of the alleged defect in statutory procedure, the application of the time limitation under subsection (b) would result in an

---

**4.** Added by the Act of December 21, 1988, P.L. 1329, *formerly* 53 P.S. § 10909.1(a)(2).

impermissible deprivation of constitutional rights.

**(d) Presumptions.**—Notwithstanding any other provision of law, appeals pursuant to this section shall be subject to and in accordance with the following:

(1) An ordinance shall be presumed to be valid and to have been enacted or adopted in strict compliance with statutory procedure.

(2) In all cases in which an appeal is filed more than two years after the intended effective date of the ordinance is allowed to proceed in accordance with subsection (c), the political subdivision involved and residents and landowners within the political subdivision shall be presumed to have substantially relied upon the validity and effectiveness of the ordinance.

(3) An ordinance shall not be found void from inception unless the party alleging the defect in statutory procedure meets the burden of proving the elements in set forth in subsection (e).

**(e) Burden of proof.**—Notwithstanding any other provision of law, an ordinance shall not be found void from inception except as follows:

(1) In the case of an appeal brought within the 30–day time limitation of subsection (b), the party alleging the defect must meet the burden of proving that there was a failure to strictly comply with statutory procedure.

(2) In the case of an appeal which is exempt from the 30–day time limitation in accordance with subsection (c), the party alleging the defect must meet the burden of proving each of the following:

(i) That there was a failure to strictly comply with statutory procedure.

(ii) That there was a failure to substantially comply with statutory procedure which resulted in insufficient notification to the public of impending changes in or the existence of the ordinance, so that the public would be prevented from commenting on those changes and intervening, if necessary, or having knowledge of the existence of the ordinance.

(iii) That there exist facts sufficient to rebut any presumption that may exist pursuant to subsection (d)(2) that would, unless rebutted, result in a determination that the ordinance is not void from inception.

\* \* \*

**(g) Definitions.**—As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

"Intended effective date." Notwithstanding the validity of the challenged ordinance, the effective date specified in the challenged ordinance. . . .

"Ordinance." An ordinance, resolution, map or similar action of a political subdivision.

"Statutory procedure." The preenactment and post-enactment procedures prescribed by statute or ordinance in adopting an ordinance.

42 Pa.C.S. §§ 5571.1(a), (b), (c), (d), (e) and (g).

 As noted above, the 2008 legislation added Section 108 of the MPC, 53 P.S. § 10108, which provides for post-enactment notice of the adoption of a land use ordinance or entry of a land use decision. In the case of an ordinance, either the governing body of the municipality, a municipal landowner or a resident may publish notice. 53 P.S. § 10108(b). The purpose of publishing optional post-enactment notice under Section 108 is to reaffirm the procedural validity of the land use ordinance or decision. *Streck v. Lower Macungie Twp. Bd. of Comm'rs*, 58 A.3d 865

(Pa.Cmwlth.2012). If no appeal is taken within 30 days of the second publication of the optional notice, the procedural validity of the ordinance or decision is reaffirmed. *Id.* Here, the Board elected to publish additional post-enactment notice of the adoption of the Zoning Ordinance and SALDO pursuant to Section 108.

Section 108 of the MPC provides in pertinent part:

(a) It is the intent of this section to allow optional public notice of municipal action in order to provide an opportunity to challenge, in accordance with section 1002–A(b) ... the validity of an ordinance or decision on the basis that a defect in procedure resulted in a deprivation of constitutional rights, and to establish a period of limitations for raising such challenges.

(b) Notice that municipal action has been taken to adopt an ordinance or enter a decision, regardless of whether the municipal action was taken before or after the effective date of this section, may be provided through publication, at any time, once each week for two successive weeks in a newspaper of general circulation in the municipality by the following:

(1) The governing body of the municipality.

(2) In the case of an ordinance, any resident or landowner in the municipality.

\* \* \*

(d) Notwithstanding this or any other act, in order to provide certainty of the validity of an ordinance or decision, *any appeal or action contesting the validity of an ordinance based on a procedural defect in the process of enactment or the validity of an ordinance based on a procedural or substantive defect shall be dismissed, with prejudice, as untimely* *if not filed within the 30th day following the second publication of the notice authorized in this section.*

(e) Any appeal or action filed within the 30–day period referred to in subsection (d) shall be taken to the court of common pleas and shall be conducted in accordance with and subject to the procedures set forth in 42 Pa.C.S. § 5571.1 (relating to appeals from ordinances, resolutions, maps, etc.) in the case of challenges to ordinances....

(f) *Where no appeal* or action contesting the procedural validity of an ordinance or the procedural or substantive validity of a decision *is filed within the period set forth in subsection (d), the ordinance or decision shall be deemed to be reaffirmed or reissued on the date of the second publication of the optional notice permitted under this section.*

(g) *An appeal shall be exempt from the time limitation in subsection (d) only if the party bringing the appeal establishes that the application of the time limitation in subsection (d) will result in an unconstitutional deprivation of due process.*

(h) Nothing in this section shall be construed to abrogate, repeal, extend or otherwise modify the time for appeal in section 1002–A, where the appellant was a party to the proceedings prior to the entry of a decision or otherwise had an adequate opportunity to bring a timely action in accordance with section 1002–A to contest the procedural validity of an ordinance or the procedural or substantive validity of a decision.

53 P.S. § 10108(a), (b), (d), (e), (f), (g) and (h) (emphasis added).

### D. ZHB's Dismissal of Appeal

At its November 2012 regular meeting, the ZHB dismissed Bowders' appeal due to lack of jurisdiction as a result of the 2008

amendments to the MPC, which vested jurisdiction over appeals raising procedural validity challenges in the common pleas courts. Appellant Bowders did not appeal the ZHB's dismissal order. At the meeting, the ZHB also informed Appellants that the Township published optional post-enactment notice under Section 108(b), which advised that an appeal alleging a procedural defect in the adoption of the Ordinances must be filed in the common pleas court on or before October 27, 2012.

### E. Appellants' Petition for Review (Validity Challenge)

However, in February 2013, Appellants filed a "Petition for Review—Procedural Defect in Process of Enactment of Zoning and SALDO Ordinances"[5] (validity challenge). Appellants filed their validity challenge under Section 108(g) of the MPC on the ground that they suffered an unconstitutional deprivation of due process as a result of various procedural defects in the initial adoption of the Ordinances.[6]

### F. Board's Motion to Dismiss

In response, the Board filed a motion to dismiss alleging Appellants' validity challenge was untimely filed for a number of reasons. First, the Board asserted the 30–day appeal period under 42 Pa.C.S. § 5571.1(b) expired October 16, 2012, 30 days after the Ordinances intended effective date. Appellants filed their validity challenge on February 4, 2013.

Second, pursuant to Section 108(b) of the MPC, the Board published its second advertisement on September 27, 2012. Thus, the appeal period in Section 108(d) of the MPC expired on October 27, 2012. Clearly, Appellants' February 2013 validity challenge was untimely under Section 108(d).

Third, having missed the 30–day appeal period in Section 108(d), Appellants needed to establish under Section 108(g) of the MPC "that the application of the time limitation in subsection (d) would result in an *unconstitutional deprivation of due process*." 53 P.S. § 10108(g) (emphasis added). To that end, the Board asserted, Appellants failed to show they were deprived of any constitutional due process right. Appellants attended and participated at public meetings of the Board and the Township's Planning Commission. Appellants also attempted to timely appeal, but did so to the wrong body.

### G. Trial Court Order

Ultimately, after a truncated procedure in motions court, the trial court agreed with the Board and entered an order dis-

---

5. O.R. at Item #11; Reproduced Record (R.R.) at 1–8.

6. In their validity challenge, Appellants asserted the Board erred: by failing to comply with Section 607 of the MPC, 53 P.S. § 10607, where the Township's planning agency did not conduct a public meeting to discuss the revisions to the proposed Ordinances after they were rejected by 2–2 vote of the Board at a May 2012 hearing; by failing to publish or advertise the full text of the proposed Ordinances as mandated by Section 506(a) and 610(a) of the MPC, 53 P.S. §§ 10506(a) and 10610(a); by failing to provide adequate summary descriptions of the proposed Ordinances in the notices; by fail-

ing to post notice of public hearing a week before the hearing at areas in the Township affected by the changes in the Zoning Ordinance as required by 609(b)(1) of the MPC, 53 P.S. § 10609(b)(1); by failing to mail notice of the public hearing on the proposed Zoning Ordinance to real estate addresses affected by the changes as required by Section 609(b)(2)(i) of the MPC, 53 P.S. § 10609(b)(2)(i); and, by voting to approve the Zoning Ordinance without first conducting a public hearing pursuant to public notice as required by 609(b)(1) of the MPC, 53 P.S. § 10609(b)(1). *See* Appellants' Petition for Review, 2/4/13, at 5–7; O.R. at Item #11.

missing Appellants' validity challenge based on their failure to allege an unconstitutional deprivation of their due process rights as required by Section 108(g) of the MPC. In so doing, the trial court reasoned (with emphasis added):

Section 108(g) of the MPC contains an exception to the 30 day filing requirement: an appeal may be filed after the 30 days if unconstitutional deprivation of due process is alleged. Appellants allege in their Petition that the [Board] denied due process to its citizens by failing to comply with provisions of the MPC requiring the Township to conduct a public meeting pursuant to public notice prior to adopting the SALDO and Zoning Ordinance. However, *Appellants admit in their Petition that notices of various public hearings on the enactments were published and that hearings were held for the purpose of receiving public comments.* Whether or not the notice or hearings complied with the requirements of the MPC is not at issue. In addition, whether the due process rights of other citizens of the Township were violated by the alleged failure to properly publish notice and hold public meetings is not in issue. This is so because *Appellants admitted in their argument before the Court on February 28, 2013 that they were aware of the hearings held on the adoption of the SAL DO and Zoning Ordinance, they in fact attended those hearings, and they both had and took advantage of the opportunity to comment. Further, there are no specific averments in Appellants' Petition for Review that Appellants['] due process rights were violated. Finally, since Appellants had actual notice and were heard their due process*

*rights can not be said to have been violated in the manner that was generally averred in the Petition for Review.*

Tr. Ct. Order, 3/18/13, at 2–3. Appellants appeal.[7]

## II. Issues

Appellants raise several issues on appeal. They contend the trial court erred by failing to properly apply Section 108(d) of the MPC and by finding that the Board did not deny Appellants due process despite the Board's failure to strictly comply with the MPC's procedural requirements. Appellants also contend the Board violated the due process rights of other Township citizens by failing to provide public notice of, and hold public hearings on the proposed Zoning Ordinance.

Further, Appellants assert that various deficiencies in the initial adoption of the Ordinances constitute fatal flaws.

## III. Discussion

### A. Section 108 Optional Post–Enactment Notice

Appellants first argue the trial court failed to properly apply the provisions of Section 108(d) of the MPC, which requires that an appeal be filed within 30 days following the second publication of optional post-enactment notice under Section 108(b). To that end, Appellants contend the Board's Section 108(b) post-enactment notice was void from inception because it did not include the *address of the municipal building* where the full text of the Zoning Ordinance and the SALDO could be viewed by the public as required by Section 108(c)(1)(iii) of the MPC, 53 P.S. § 10108(c)(1)(iii).

---

**7.** On appeal, we review the trial court's findings and conclusions to determine whether the trial court erred or abused its discretion. *Streck v. Lower Macungie Twp. Bd. of*

*Comm'rs,* 58 A.3d 865 (Pa.Cmwlth.2012); *Messina v. East Penn Twp.,* 995 A.2d 517 (Pa.Cmwlth.2010), *aff'd,* —— Pa. ——, 62 A.3d 363 (2012)

Further, Appellants assert the Board's defective Section 108 notice, which the Board issued during the 30–day appeal period set by 42 Pa.C.S. § 5571.1(b), did not explain that the 30–day deadline in Section 5571.1(b) remained in effect. Thus, Appellants maintain, they reasonably construed the defective Section 108 notice as waiving the 30–day appeal period in 42 Pa.C.S. § 5571.1(b).

■ In support of their position, Appellants cite *Streck*, where, as here, the municipality published a Section 108 post-enactment notice during the 30–day appeal period set by 42 Pa.C.S. § 5571.1(b) without explaining that the deadline in Section 5571.1 remained in effect. In *Streck*, we reasoned, the Section 108 notices could be construed as waiving the 30–day deadline in 42 Pa.C.S. § 5571.1(b). We therefore held, in part, that the possible confusion resulting from the different notices amounted to a breakdown in the administrative process that entitled the appellants, to an appeal *nunc pro tunc* [8] as they requested. *See Streck*, 58 A.3d at 873.

### 1. *Nunc Pro Tunc* Appeal

■ Given that the Board published its optional post-enactment notice during the 30–day appeal period set by 42 Pa.C.S. § 5571.1(b), without explaining that the deadline in 42 Pa.C.S. § 5571.1(b) remained in effect, Appellants could have been entitled under *Streck* to an appeal *nunc pro tunc* had they promptly filed an appeal within the 30–day appeal period in Section 108(d) [9] or established other grounds for an appeal *nunc pro tunc*.

■ However, an appellant seeking permission to file a *nunc pro tunc* appeal must proceed with reasonable diligence once he knows of the necessity to take action. *Schofield v. Dep't of Transp., Bureau of Driver Licensing*, 828 A.2d 510 (Pa.Cmwlth.2003). Indeed, an application must be filed within a reasonable time after the occurrence of the extraordinary circumstance. *See Amicone v. Rok*, 839 A.2d 1109 (Pa.Super.2003) (*nunc pro tunc* petition denied because it was filed four months after petitioner's notice of appeal was rejected). Given Appellants' unexplained lengthy delay in filing their validity challenge in the trial court, we conclude that they would not be entitled to an appeal *nunc pro tunc* under 42 Pa.C.S. § 5571.1(b), had they applied for one.[10] *Schofield*.

---

8. Under extraordinary circumstances a court may extend the appeal period by granting equitable relief in the form of a *nunc pro tunc* or "now for then" appeal. *Criss v. Wise*, 566 Pa. 437, 781 A.2d 1156 (2001). Traditionally, extensions of time for filing an appeal were limited to matters involving fraud or a breakdown in the court's operations. *W. Penn Power Co. v. Goddard*, 460 Pa. 551, 333 A.2d 909 (1975).

 In *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979), our Supreme Court expanded the limited exceptions permitting this relief where non-negligent circumstances relating to either the appellant or the appellant's counsel caused the briefly untimely appeal.

9. Unlike the current case, in *Streck*, the appellants filed their appeal within the 30–day appeal period in Section 108(d) of the MPC. *Streck*, decided three days before our Supreme Court's important decision in *Messina v. East Penn Twp.*, —— Pa. ——, 62 A.3d 363 (2012), was obviously decided without the benefit of that opinion.

10. Although Appellant Bowders initially appealed the procedural validity of the Ordinances to the ZHB on September 17 2012, the ZHB dismissed the appeal due to lack of jurisdiction. Bowders did not appeal the ZHB's order. Ultimately, Appellants filed their validity challenge in the trial court asserting procedural defects in the enactment of the Ordinances approximately 111 days after the expiration of the appeal period in 42 Pa.C.S. § 5571.1(b), 100 days after the expiration of the 30–day appeal period in Section

## 2. Unconstitutional Deprivation of Due Process

■ Where, as here, there is no validity challenge brought within 30 days of the second advertisement of the optional post-enactment notice, new Section 108(f) of the MPC operates to reaffirm or reissue the municipal action in question. 53 P.S. § 10108(f). In this case, that results in the reissuance of the Ordinances as of September 27, 2012. The reissuance of the Ordinances renders moot any pre-existing procedural issues which might have arisen during initial enactment. *See id.; cf. Moore v. Dept. of Transp., Bureau of Motor Vehicles,* 19 A.3d 1200 (Pa.Cmwlth. 2011) (Secretary's reopening of record provided appellants notice and opportunity to be heard and cured pre-existing defects in procedure); *Flickinger v. Lebanon Sch. Dist.,* 898 A.2d 62 (Pa.Cmwlth.2006) (*de novo* proceeding before Secretary cures any procedural defects in local agency proceedings).

Accordingly, the dispositive issue before the trial court here was whether Appellants raised a defect in the Section 108 optional post-enactment notice which could result in an unconstitutional deprivation of due process. In such a case, a challenge beyond 30 days from the date of the second publication can be entertained. Section 108(g), 53 P.S. § 10108(g).

■ We agree with Appellants that in analyzing this issue a court needs to focus on more than deprivation of individual rights. A court also should focus on the shared public interest in the right to participate in the proceedings involving adoption of ordinances. *Messina v. East Penn Twp.,* —— Pa. ——, ——, 62 A.3d 363, 370 (2012).

■ When assessing a non-prompt claim of deprivation of individual due process rights, a court may consider whether the individual was prejudiced by the procedures used. *Id.* This may include an evaluation of whether the complaining party had actual notice and participated in enactment proceedings. *Id.* As to the shared public interest right to participate in municipal actions, a trial court faced with a delayed procedural challenge should consider whether there has been substantial compliance with statutory procedures. *Id.* Under the new statutory scheme, strict compliance is required for prompt procedural challenges, but substantial compliance will satisfy due process dictates for delayed challenges. *Id.* If substantial compliance is lacking in a delayed challenge, an unconstitutional deprivation of due process may be present. *Id.*

■ Here, the parties did not invite the trial court to focus on the Section 108 optional post-enactment notice. Significantly, Appellants neither pled nor argued to the trial court that there was any problem with the optional post-enactment notice. *See* Notes of Testimony, 2/28/13, at 4–10. The first mention of the failure to include the address of the municipal building in the Section 108 optional post-enactment notice was made to this Court on appeal. Moreover, Appellants never moved beyond a "strict compliance" analysis to a "substantial compliance" argument, as is necessary when making a delayed assertion of procedural invalidity. While we question whether the address omission marks a departure from substantial compliance, we need not decide that issue now. Instead, it is clear that Appellants waived this argument for failure to fairly submit it to the trial court. *See* Pa. R.A.P. 302(a)

108(d) of the MPC, and 70 days after the November 2012 ZHB meeting where they

were informed that their appeal must be filed in common pleas court.

(issues not raised in the lower court are waived).

## IV. Conclusion

Because the Board elected to employ the Section 108 optional post-enactment notice, and no appeal was filed with 30 days of the second advertisement, the Ordinances were deemed reissued as a matter of law. Consequently, procedures related to the initial adoption of the Ordinances are no longer material.[11]

Without question, Appellants did not timely challenge the reissued Ordinances. Because they did not argue or offer to prove to the trial court that the Section 108 optional post-enactment notice failed to substantially comply with statutory requirements, resulting in an unconstitutional deprivation of due process, Appellants lost the opportunity to do so. Accordingly, we affirm.

## ORDER

**AND NOW,** this 4th day of December, 2013, for the reasons stated in the foregoing opinion, the order of the Court of Common Pleas of York County is **AFFIRMED.**

DISSENTING OPINION BY Judge McCULLOUGH.

I respectfully dissent. The York Township Board of Commissioners (Board) adopted a zoning ordinance and a subdivision and land development ordinance. Appellants filed an appeal, alleging that the ordinances were void due to procedural defects occurring before or during the en-

---

**11.** In light of this conclusion, we need not fully address Appellants' remaining issues regarding the Board's compliance with the MPC's notice requirements in initially enacting the Ordinances. Nevertheless, we note in *dicta* that the published notices of public hearings and meetings held by the Board and Planning Commission regarding the proposed Ordinances (attached as exhibits to the Board's motion to dismiss), including the Board's notices for the August 13, 2012 public hearing and September 12, 2013 public meeting, appear, at a minimum, to be in substantial compliance with the advertising requirements of Section 610(a) of the MPC, 53 P.S. § 10610(a). Also, the Board indicates in its brief that it provided a copy of the Ordinances to the York newspaper in which the Board published public notice. In addition, the Board asserts it filed an attested copy of the proposed Ordinances with the York County Law Library. *See* Appellee's Br. at 20. As a result, it appears the Board met the notice requirements of Sections 610(a)(1) and (2) of the MPC, 53 P.S. § 10610(a)(1) and (2). Therefore, we discern no violation in the present case of the public's due process rights to notice of the proposed Ordinances or an opportunity to comment on them at a public hearing or meeting. *Messina; Hawk v. Eldred Twp. Bd. of Supervisors,* 983 A.2d 216, 224 (Pa.Cmwlth.2009); *see also Bartkowski*

*Inv. Grp., Inc. v. Bd. of Cmm'rs of Marple Twp.,* 18 A.3d 1259 (Pa.Cmwlth.2011) (where a party fails to appeal within the 30–day appeal period in 42 Pa.C.S. § 5571.1(b) and cannot establish a municipality's failure to substantially comply with statutory procedure regarding notice of proposed ordinance changes, which results in the public's inability to have knowledge of the proposed changes or comment upon them or to intervene, the challenging party cannot satisfy its burden of proof under 42 Pa.C.S. § 5571.1(e)(2)).

Finally, Appellants' validity challenge did not allege their property was rezoned or directly affected by the new Zoning Ordinance. Therefore, they cannot claim the Board's failure to post notice of public hearing on the proposed Zoning Ordinance on any rezoned properties, as directed by Section 609(b)(1)(i) of the MPC, 53 P.S. § 10609(b)(1)(i), deprived them of their due process rights under this provision. For the same reason, Appellants cannot contend the Board deprived them of their due process rights by failing to mail notice of public hearing on any zoning map changes to affected properties as directed by Section 609(b)(2)(i) of the MPC, 53 P.S. § 10609(b)(2)(i). To that end, in a comprehensive rezoning such as here, the municipality need not mail individual notice to the affected property owners. *See* Section 609(2)(ii) of the MPC, 53 P.S. § 10609(2)(ii).

actment process, specifically that the Board failed to conduct the necessary public meetings and hearings, failed to provide sufficient notice to the public, and failed to publish or advertise the full text of the proposed ordinances. (Maj. op. at 1080 n. 5, *citing* O.R. at Item # 11.) However, Appellants' appeal was filed untimely, approximately four months beyond the 30 day-limitation set forth in section 5571.1(b)(2) of the Judicial Code, 42 Pa. C.S. § 5571.1(b)(2),[1] and section 108(d) of the Municipalities Planning Code (MPC).[2]

The Majority holds that because the Board advertised an optional post-enactment notice under section 108(f) of the MPC, the ordinances were "reaffirmed" or "reissued" and, as a result, "any pre-existing procedural issues which might have arisen during initial enactment" are rendered "moot." (Maj. op. at 1083.) At the end of its opinion, the Majority concludes: "Because the Board elected to employ the [s]ection 108 optional post-enactment notice, and no appeal was filed within 30 days of the second advertisement, the [o]rdinances were deemed reissued as a matter of law. Consequently, procedures related to the initial adoption of the [o]rdinances are no longer material." *Id.* at 1084. Ac-

cording to the Majority's rationale, a municipality could seek to implement and pass an ordinance without taking any official action whatsoever, but so long as the municipality provides a section 108 post-enactment notice and no appeal is filed within 30 days, that ordinance is valid and immune from attack, even though it was never lawfully passed in the first place.

I believe that the Majority places too much legal significance on the post-enactment notice procedure and interprets section 108 of the MPC in a manner that disregards the exemptions to the 30–day time limit in section 5571.1(c) of the Judicial Code and section 108(g) of the MPC. These provisions permit an appeal after the 30–day time limit if the party can establish an unconstitutional deprivation of due process. 42 Pa.C.S. § 5571.1(c); 53 P.S. § 10108(d).

More importantly, I believe that the Majority employs reasoning that is in direct contravention to binding precedent from our Supreme Court. In *Glen–Gery Corporation v. Zoning Hearing Board of Dover Township*, 589 Pa. 135, 907 A.2d 1033 (2006), our Supreme Court held that as a matter of constitutional principle, the void

---

1. This provision states: "Except as provided in subsection (c), it is the express intent of the General Assembly that this 30–day limitation shall apply regardless of the ultimate validity of the challenged ordinance." In turn, subsection (c) of section 5571.1 provides: "An appeal **shall be exempt from the time limitation** in subsection (b) **if the party bringing the appeal establishes that,** because of the particular nature of the alleged defect in statutory procedure, **the application of the time limitation under subsection (b) would result in an impermissible deprivation of constitutional rights.**" 42 Pa.C.S. § 5571.1(c) (emphasis added).

2. Act of July 31, 1968, P.L. 805, *as amended,* added by the Act of July 4, 2008, P.L. 319, 53 P.S. § 10108(d). This provision states: "Notwithstanding this or any other act, in order to

provide certainty of the validity of an ordinance or decision, any appeal or action contesting the validity of an ordinance based on a procedural defect in the process of enactment or the validity of a decision based on a procedural or substantive defect shall be dismissed, with prejudice, as untimely if not filed within the 30th day following the second publication of the notice authorized in this section." *Id.* However, similar to section 5571.1(c) of the Judicial Code, section 108(g) of the MPC contains an exception: "An appeal **shall be exempt from the time limitation** in subsection (d) **only if the party bringing the appeal establishes** that the application of the time limitation in subsection (d) would result in **an unconstitutional deprivation of due process.**" 53 P.S. § 10108(d) (emphasis added).

*ab initio* doctrine will supersede any statutory time-limit for challenging a procedural defect affecting notice or due process rights in the enactment of an ordinance. As the Court explained:

> A strict reading of the statute demonstrates that the challenge is clearly time-barred as [a]ppellant waited between five and seven years to contest the allegedly defective procedure during the enactment of the ordinances. **However, the effect of a finding that the ordinance is void *ab initio* means that it essentially never became law because of its procedural defects; thus, any component of the challenge that contains a time bar … is deemed void for having never been properly passed.**
>
> \* \* \*
>
> **[W]e have consistently held that a defect in the enactment renders any time bar null and void as the statute is, in its entirety, void *ab initio*.**

*Id.* at 147–48 & 152, 907 A.2d at 1040 & 1042 (emphasis added). To date, under the void *ab initio* doctrine and pertinent statutory law, an appellant's challenge to the procedural validity of an ordinance will not be deemed untimely if the appellant can establish that the municipality failed to substantially comply with statutory procedure, which results in lack of notice or deprivation of due process rights. *Messina v. East Penn Township*, —— Pa. ——, ——, 62 A.3d 363, 369 & 372 (2012).

Unlike the Majority, I do not believe that the trial court's order can be affirmed on the alternative theory that the section 108 post-enactment notice "cured" or rendered "moot" any procedural invalidity regarding the ordinances as a matter of law. While a section 108 notice may aid a municipality in proving substantial compliance with statutory procedure, *Streck v. Lower Macungie Township Board of Commissioners*, 58 A.3d 865, 872 (Pa.Cmwlth.2012)

("Section 108 of the MPC … provides a method by which a municipality or an individual can reduce the likelihood that a land use ordinance or a land use permit will be held void *ab initio* on procedural grounds"), a section 108 notice cannot completely shield a defective ordinance from attack if an appeal is not filed within 30 days. Rather, pursuant to section 5571.1(c) of the Judicial Code, section 108(g) of the MPC, *Glen–Gery Corporation*, and *Messina*, a sufficient infringement of due process rights trumps any statutory time-bar for challenging the procedural validity of an ordinance, even when a municipality publishes post-enactment notice. *Streck*, 58 A.3d at 874 ("[I]f no challenge is brought within 30 days of the date of the municipality's second post-enactment Section 108 notice, the procedural validity of the ordinance is 'reaffirmed.' **There is no deadline, however, where it would result in a deprivation of constitutional rights[.]**") (emphasis added).

Here, the trial court restricted its due process analysis to Appellants' individual situations, concluding that Appellants themselves received notice and participated in the proceedings. (Trial court op. at 3–4.) However, the trial court failed to consider the due process rights of the public at large, and did not address Appellants' contentions that the public did not receive proper notice and sufficient opportunity to be heard at the meetings. (Trial court op. at 3) ("Whether or not the notice or hearings complied with the requirements of the MPC is not at issue. In addition, whether the due process rights of other citizens of the Township were violated by the alleged failure to properly publish notice of and hold public meetings is not at issue."). Pursuant to *Messina*, the trial court was obligated to consider the shared public interest and right to participate in municipal actions, and should have

determined whether the Board complied with the MPC's statutory procedures regarding public notice that are relevant to Appellants' claims. *Messina*, —— Pa. at ——, 62 A.3d at 370; *accord* Maj. op. at 1083.[3] Accordingly, I would vacate and remand for the trial court to apply this legal standard and decide whether Appellants established that the Board failed to substantially comply with statutory procedure when enacting the ordinances.

**3.** *See Schadler v. Zoning Hearing Board of Weisenberg Township*, 578 Pa. 177, 185 n. 12, 850 A.2d 619, 627 n. 12 (2004) ("The Township also seems to insinuate that Schadler's procedural challenge should be barred because, even if the public at large had no notice of the Ordinance's enactment in February 2000, Schadler himself did have actual notice. However, the procedural requirements for the enactment of a law are non- waivable, and when the lawfulness of the enactment is in question, the law is either void or not void, without regard to the identity of the challenger. Meanwhile, finding the notice of an individual litigant to have any bearing on the litigant's ability to challenge the law ... would lead to the absurd result of a single township ordinance being valid with respect to some citizens and simultaneously invalid with respect to others.").