# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William J. Carr, Eileen L. Carr,    :
and The Horsham Neighborhood    :
Association,    :
             Appellants    :
                                        : No. 1536 C.D. 2016
             v.    : Argued: June 5, 2017
   :
Horsham Township    :
   :
             v.    :
   :
Horsham-Blair, L.P.    :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE JULIA K. HEARTHWAY, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**               **FILED: July 10, 2017**


      This is an appeal from an order of the Court of Common Pleas of Montgomery County (trial court) dismissing a land use appeal filed by William J. Carr and Eileen L. Carr (Objectors)[1] challenging the validity of a Horsham Township (Township) ordinance. For the reasons set forth below, we reverse the trial court's dismissal of Objectors' procedural challenges to the ordinance as untimely on the ground that Objectors were entitled to a *nunc pro tunc* appeal, but

---

[1] Although the Horsham Neighborhood Association is also listed in the caption as an appellant, only the Carrs are appellants.

affirm its dismissal of Objectors' spot zoning and other substantive challenges to the ordinance.

On December 9, 2015, the Township Council enacted Ordinance No. 2015-8 (the Ordinance). (12/9/15 Township Council Meeting Minutes, Reproduced Record (R.R.) at 86a; Ordinance, R.R. at 151a-163a.) The Ordinance amended the Township's zoning ordinances and zoning map to permit a specific mixed-use commercial development sought by Horsham-Blair, L.P. (Developer) as a conditional use in the GC-2 General Commercial and Highway Commercial zoning district and to rezone as GC-2 certain Industrial and R-4 Residential properties equitably owned by Developer that adjoined other properties of Developer that were already zoned GC-2. (Ordinance, R.R. at 151a-163a; 11/11/15 Township Council Meeting Minutes, R.R. at 78a-80a.) The mixed-use development that Developer intends to build on its GC-2 and rezoned properties includes a convenience store with gasoline sales, a pharmacy, and three restaurants. (11/23/15 Township Council Hearing Transcript at 4, R.R. at 129a.) Objectors were present at the December 9, 2015 Township Council meeting and a prior Township Council meeting concerning the Ordinance. (Objectors' Response to Motion to Quash Appeal ¶64, R.R. at 105a; Objectors' Brief in Opposition to Motion to Quash Appeal at 13, R.R. at 119a; 8/8/16 Trial Court Order ¶3; 11/11/15 Township Council Meeting Minutes, R.R. at 79a.)

The Ordinance became effective on December 14, 2015, five days after its adoption. (Ordinance, R.R. at 155a-156a.) Following the enactment of the Ordinance, the Township published legal notices, the second of which appeared on December 28, 2015, that described the content of the Ordinance and stated that it was adopted on December 9, 2015 and became effective December 14, 2015.

(12/17/15 Township Letter Placing Newspaper Advertisement, R.R. at 188a; Published Notice of Ordinance, R.R. at 142a-143a.)  These published notices also stated:

> This notice is intended to provide notification of the adoption of the Ordinance listed above and any person claiming a right to challenge the validity of the Ordinance must bring a legal action within thirty (30) days of the publication of the second notice of adoption which will appear in this newspaper on December 28, 2015.

(Published Notice of Ordinance, R.R. at 143a.)

On January 26, 2016, more than 30 days after adoption and effective date of the Ordinance, but less than 30 days after the December 28, 2015 second published notice, Objectors filed a land use appeal in the trial court challenging the validity of the Ordinance.  In this appeal, Objectors asserted that the enactment of the Ordinance violated the Sunshine Act[2] and public hearing requirements of the Township's ordinances.  (Notice of Land Use Appeal ¶¶14-22, 42-47, R.R. at 15a-16a, 19a-20a.)  Objectors also asserted that the Ordinance was invalid on the ground that it was spot zoning and arbitrarily and capriciously disregarded provisions of the Township zoning ordinances protecting residential neighborhoods.  (*Id.* ¶¶23-41, 48-51, R.R. at 16a-20a.)

Developer intervened and filed a motion to quash the appeal.  In its motion to quash, Developer argued, *inter alia*, that Objectors' appeal was barred as untimely and that the trial court lacked jurisdiction over Objectors' claims that the Ordinance was spot zoning and arbitrary and capricious because the Pennsylvania

---

[2] 65 Pa. C.S. §§ 701-716.

Municipalities Planning Code (MPC)[3] requires that substantive land use challenges be filed with the zoning hearing board. In their response to the motion to quash, Objectors argued that the appeal was filed within the applicable period, but that if it was not, they were entitled to appeal *nunc pro tunc* because the published notice stated that the appeal period was 30 days from December 28, 2016 and created confusion as to the appeal deadline. (Objectors' Response to Motion to Quash Appeal ¶¶26-27, R.R. at 93a-94a; Objectors' Brief in Opposition to Motion to Quash Appeal at 8, R.R. at 114a.) On August 8, 2016, the trial court granted Developer's motion to quash the appeal on the ground that Objectors' procedural challenges to the Ordinance were not timely filed and on the ground that it lacked jurisdiction over Objectors' substantive challenges. This appeal followed.[4]

In this Court, Objectors argue, as they did before the trial court, that their appeal was timely filed and that if it was not timely filed, they were entitled to a *nunc pro tunc* appeal. We conclude that the trial court correctly held that Objectors' procedural challenges to the Ordinance were not filed within the applicable appeal period. Appeals challenging a land use ordinance based on procedural defects in its enactment must be filed within 30 days of the ordinance's

---

[3] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202. Sections 909.1, 916.1, and 1002–A of the MPC, cited herein, were added by the Act of December 21, 1988, P.L. 1329. Section 108 of the MPC, also cited herein, was added by the Act of July 4, 2008, P.L. 319.

[4] The issues in this appeal are all questions of law subject to this Court's plenary, *de novo* review. *Day v. Civil Service Commission of Borough of Carlisle*, 931 A.2d 646, 650 (Pa. 2007) (timeliness of appeal is a question of law); *Narberth Borough v. Lower Merion Township*, 915 A.2d 626, 634 (Pa. 2007) (same); *Brown v. Levy*, 993 A.2d 364, 365 n.1 (Pa. Cmwlth. 2010) (whether the trial court erred in denying leave to appeal *nunc pro tunc* is a question of law); *Mazur v. Trinity Area School District*, 961 A.2d 96, 101 (Pa. 2008) (whether trial court has subject matter jurisdiction over challenge to a particular type of government action is a question of law).

effective date. 42 Pa. C.S. § 5571.1;[5] Section 1002-A(b) of the MPC, 53 P.S. § 11002-A(b);[6] *Streck v. Lower Macungie Township Board of Commissioners*, 58

---

[5] Section 5571.1 of the Judicial Code provides in relevant part:

(a) Applicability; court of common pleas.--

(1) This section shall apply to any appeal raising questions relating to an alleged defect in the process of or procedure for enactment or adoption of any ordinance, resolution, map or similar action of a political subdivision.

(2) An appeal pursuant to this section shall be to the court of common pleas.

(b) Appeals of defects in statutory procedure.--

(1) <u>Any appeal raising questions relating to an alleged defect in statutory procedure shall be brought within 30 days of the intended effective date of the ordinance</u>.

(2) Except as provided in subsection (c), it is the express intent of the General Assembly that this 30-day limitation shall apply regardless of the ultimate validity of the challenged ordinance.

(c) Exemption from limitation.--An appeal shall be exempt from the time limitation in subsection (b) if the party bringing the appeal establishes that, because of the particular nature of the alleged defect in statutory procedure, the application of the time limitation under subsection (b) would result in an impermissible deprivation of constitutional rights.

    *    *    *

(e) Burden of proof.--Notwithstanding any other provision of law, an ordinance shall not be found void from inception except as follows:

    *    *    *

(2) In the case of an appeal which is exempt from the 30-day time limitation in accordance with subsection (c), the party alleging the defect must meet the burden of proving each of the following:

    *    *    *

(ii) That there was a failure to substantially comply with statutory procedure which resulted in insufficient notification to the public of impending changes in or the existence of the ordinance, so that the public would be prevented from commenting on those changes and intervening, if necessary, or from having knowledge of the existence of the ordinance.

42 Pa. C.S. § 5571.1(a)-(c), (e) (emphasis added).

[6] Section 1002-A(b) of the MPC provides:

(b) Challenges to the validity of a land use ordinance raising procedural questions or alleged defects in the process of enactment or adoption shall be raised by appeal taken directly to the court of common pleas of the judicial district in which the municipality adopting the ordinance is located in

**(Footnote continued on next page…)**

A.3d 865, 870-75 (Pa. Cmwlth. 2012). Objectors did not file their appeal to the trial court until January 26, 2016, more than 30 days after the December 14, 2015 effective date of the Ordinance. In addition, claims that a governmental action is invalid because it was taken in violation of the Sunshine Act must be brought within 30 days of the discovery of the Sunshine Act violation. 65 Pa. C.S. § 713;[7] *Day v. Civil Service Commission of Borough of Carlisle*, 931 A.2d 646, 652-53 (Pa. 2007). The alleged Sunshine Act violation occurred no later than December 9, 2015, when the Ordinance was enacted, and Objectors knew of it at that time because they were present at that Township Council meeting. Accordingly, the 30-day period for filing any Sunshine Act challenge expired on January 8, 2016, before Objectors filed their appeal.

Objectors argue that the Township's published notice extended the appeal deadline for challenging the Ordinance. This argument is without merit. Section 108 of the MPC provides for published notice of the adoption of a land use ordinance "once each week for two successive weeks in a newspaper of general circulation in the municipality" that advises that "any person claiming a right to challenge the validity of the ordinance … must bring a legal action within 30 days

---

**(continued…)**
> accordance with 42 Pa. C.S. § 5571.1 (relating to appeals from ordinances, resolutions, maps, etc.).

53 P.S. § 11002-A(b).

[7] Section 713 of the Sunshine Act provides in relevant part:
> A legal challenge under this chapter shall be filed within 30 days from the date of a meeting which is open, or within 30 days from the discovery of any action that occurred at a meeting which was not open at which this chapter was violated, provided that, in the case of a meeting which was not open, no legal challenge may be commenced more than one year from the date of said meeting.

65 Pa. C.S. § 713.

of the publication of the second notice." 53 P.S. § 10108(b), (c)(3). Section 108 further provides that "any appeal or action contesting the validity of an ordinance based on a procedural defect in the process of enactment … shall be dismissed, with prejudice, as untimely if not filed within the 30th day following the second publication of the notice authorized in this section." 53 P.S. § 10108(d). The Section 108 appeal deadline, however, applies only to persons who had no prior notice of the ordinance and does not alter or extend the appeal deadline of 30 days from the effective date set by Section 5571.1 of the Judicial Code and Section 1002-A(b) of the MPC for those who had notice of the ordinance's enactment at the time of its enactment. 53 P.S. § 10108(h) ("[n]othing in this section shall be construed to abrogate, repeal, extend or otherwise modify the time for appeal as set forth in section 1002-A, where the appellant was a party to proceedings prior to the entry of a decision or otherwise had an adequate opportunity to bring a timely action in accordance with section 1002-A to contest the procedural validity of an ordinance"); *Streck*, 58 A.3d at 873-75. Because Objectors had notice of the Ordinance's enactment on December 9, 2015, their appeal was subject to the appeal deadlines of Section 5571.1 of the Judicial Code and Section 1002-A(b) of the MPC, not the later deadline in the published notice. *Streck*, 58 A.3d at 873-75.

Objectors also argue that the Judicial Code, MPC and Sunshine Act appeal deadlines did not begin to run until January 6, 2016, when Developer filed an amended permit application, and that their appeal is exempt from the deadlines because application of the deadlines would result in a denial of constitutional rights. *See* 42 Pa. C.S. § 5571.1(c), (e)(2)(ii). These arguments likewise fail. The January 6, 2016 amended permit application was not an enactment or amendment of the Ordinance and did not alter the Ordinance's effective date or the fact that the

last meeting at which action was taken on the Ordinance was December 9, 2015. Therefore, whatever its effect on Developer's mixed-use commercial development, the amended permit application is irrelevant to the appeal deadlines for challenging defects in the Ordinance's enactment and for raising Sunshine Act violations.

Moreover, the alleged deficiencies in the Township's procedures did not deny Objectors or the public the opportunity to timely appeal. Objectors had notice of the Ordinance and any Sunshine Act violation when the Ordinance was enacted on December 9, 2015, as they were present at that Township Council meeting. In addition, the alleged defects in the Ordinance's enactment did not impair the public's ability to file a challenge to the Ordinance. The procedural defects asserted by Objectors involve denial of the opportunity to comment at the meetings where the Ordinance was being considered, not lack of notice of the Ordinance's content, the meetings or its enactment (Notice of Land Use Appeal ¶¶14-22, 42-47, R.R. at 15a-16a, 19a-20a), and the Ordinance was adopted at a public meeting. (12/9/15 Township Council Meeting Minutes, R.R. at 83a-86a.) Because neither Objectors nor the public were denied notice of the Ordinance's enactment, there is no basis for a claim that enforcement of the applicable appeal deadlines would result in a deprivation of constitutional rights.

The trial court, however, erred in denying Objectors' request for *nunc pro tunc* appeal. An appeal filed after the expiration of the deadline is allowed *nunc pro tunc* where the filer shows that extraordinary circumstances involving fraud or breakdown in the administrative process caused the delay in filing. *Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130, 1131 (Pa. 1996); *Streck*, 58 A.3d at 875; *C.S. v. Department of Public Welfare*, 879 A.2d 1274, 1279 (Pa. Cmwlth. 2005). A notice published by the government agency

8

during the appeal period that states a later appeal deadline constitutes a breakdown in the administrative process that supports *nunc pro tunc* relief. *Streck*, 58 A.3d at 875; *see also Ness v. York Township Board of Commissioners*, 81 A.3d 1073, 1082 (Pa. Cmwlth. 2013), *app. dismissed as improvidently granted*, 105 A.3d 1257 (Pa. 2014) .

In *Streck*, this Court held that although Section 108 of the MPC did not extend the deadline imposed by Section 5571.1 of the Judicial Code and Section 1002-A(b) of the MPC, appellants challenging an ordinance's enactment on procedural grounds were entitled to *nunc pro tunc* relief because the government agency published a Section 108 notice that stated a different, later appeal deadline. 58 A.3d at 875. The Court ruled that where a notice under Section 108 was published before the expiration of the appeal period, that notice created confusion as to the deadline and an appeal filed more than 30 days after the ordinance's effective date but before expiration of the deadline stated in the published notice was timely on *nunc pro tunc* grounds. *Id.* The Court explained:

> Objectors argue, alternatively, that by undertaking the Section 108 notices <u>during</u> the 30-day appeal period set by Section 5571.1 of the Judicial Code, the Township created confusion entitling them to a *nunc pro tunc* appeal. We agree. Objectors may have been able, and planning, to appeal under the 30-day deadline in accordance with Section 1002-A of the MPC and Section 5571.1 of the Judicial Code, when the Township suddenly announced a new deadline, *i.e.*, 30 days from July 14, 2010, the date of the second post-enactment notice. A *nunc pro tunc* appeal is appropriate where there has been a breakdown in the administrative process. We conclude that here such a breakdown occurred. First, the Section 108 notices did <u>not</u> explain that the deadline of Section 5571.1 of the Judicial Code remained in effect. Second, because the Section 108 notices were issued within the 30-day period after enactment of Ordinance No. 2010-06, they may be construed as waiving the

30-day deadline in Section 5571.1. For these reasons, we hold that Objectors' appeal was timely under principles of *nunc pro tunc*.

*Id.* (citation omitted) (emphasis in original). In *Ness*, this Court reaffirmed the holding of *Streck* that an appellant is entitled to *nunc pro tunc* relief where he appeals before the later deadline stated in a published Section 108 notice, but denied *nunc pro tunc* relief because the appeal was not filed within the appeal period set forth in the Section 108 notice. 81 A.3d at 1082.

This case is indistinguishable from *Streck*. Here, as in *Streck*, the notice was published before the statutory appeal deadlines expired, the notice stated a new, later deadline for "any person claiming a right to challenge the validity of the Ordinance" (Published Notice of Ordinance, R.R. at 143a) without explaining that it did not apply to persons with prior knowledge of the Ordinance, and Objectors filed their appeal after the statutory deadlines expired, but before the deadline set in the notice. The trial court's assertion that Objectors were not confused by the published notice (Trial Court Op. at 15-17) is contradicted by the record. Objectors argued to the trial court that they understood the published notice as giving them until January 27, 2016 to file any appeal challenging the Ordinance. (Objectors' Response to Motion to Quash Appeal ¶¶23-27, R.R. at 92a-94a; Objectors' Brief in Opposition to Motion to Quash Appeal at 8-9, R.R. at 114a-115a.) While Objectors' legal position on the effect of the Township's notice was without merit, that does not alter the fact that they were confused by the notice. Accordingly, as in *Streck*, Objectors were entitled to a *nunc pro tunc* appeal.[8]

---

[8] Developer argues that the trial court's dismissal of Objectors' procedural challenges can be affirmed on the alternative ground that Sunshine Act violations cannot be asserted in a land use appeal. While Developer raised this argument below in its motion to quash, the trial court did **(Footnote continued on next page…)**

Objectors also argue that the trial court erred in dismissing their substantive challenges to the Ordinance for lack of jurisdiction. We do not agree. Appeals challenging the validity of a land use ordinance on substantive grounds must be filed with the zoning hearing board, not in the court of common pleas. Sections 909.1(a)(1) and 916.1(a)-(b) of the MPC, 53 P.S. §§ 10909.1(a)(1), 10916.1(a)-(b).[9]

The trial court therefore properly dismissed Sections VI-VIII and XI of Objectors' land use appeal for lack of jurisdiction. These sections all state substantive challenges, as they challenge the content of the Ordinance and the

---

**(continued…)**
not address this issue. Developer cites no provision of the MPC or the Sunshine Act or any case law that bars consideration of Sunshine Act violations in a land use appeal. Moreover, even if Developer prevailed in this argument, it could not support affirmance of the dismissal of all of Objectors' procedural challenges, as Objectors' procedural challenges to the Ordinance include non-Sunshine Act claims that the Township violated public hearing requirements set forth in Township ordinances. (Notice of Land Use Appeal ¶¶42-47, R.R. at 19a-20a.) We therefore decline to rule on this question.

[9] Section 909.1(a)(1) of the MPC provides:
> (a) The zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in the following matters:
> (1) Substantive challenges to the validity of any land use ordinance, except those brought before the governing body pursuant to sections 609.1 and 916.1(a)(2).

53 P.S. § 10909.1(a)(1). Section 916.1 of the MPC provides in relevant part:
> (a) A landowner who, on substantive grounds, desires to challenge the validity of an ordinance or map or any provision thereof which prohibits or restricts the use or development of land in which he has an interest shall submit the challenge either:
> (1) to the zoning hearing board under section 909.1(a); or
> (2) to the governing body under section 909.1(b)(4), together with a request for a curative amendment under section 609.1.
> (b) Persons aggrieved by a use or development permitted on the land of another by an ordinance or map, or any provision thereof, who desires to challenge its validity on substantive grounds shall first submit their challenge to the zoning hearing board for a decision thereon under section 909.1(a)(1).

53 P.S. § 10916.1(a)-(b).

development that it approved, rather than the procedures by which the Ordinance was enacted. Section VI asserts a claim that the Ordinance is invalid on the ground that it constitutes spot zoning. (Notice of Land Use Appeal ¶¶23-27, R.R. at 16a-17a.) Spot zoning challenges are substantive challenges to the validity of an ordinance. *Penn Street, L.P. v. East Lampeter Township Zoning Hearing Board*, 84 A.3d 1114, 1117-20, 1131 (Pa. Cmwlth. 2014); *Atherton Development Co. v. Township of Ferguson*, 29 A.3d 1197, 1203-05, 1214 (Pa. Cmwlth. 2011). Sections VII-VIII and XI of Objectors' land use appeal allege that the Ordinance is invalid because the Township arbitrarily and capriciously disregarded substantive provisions of its zoning ordinances concerning traffic and residential areas. (Notice of Land Use Appeal ¶¶28-41, 48-51, R.R. at 17a-20a.) Claims of arbitrary and capricious disregard of other, substantive zoning ordinance provisions are likewise substantive validity challenges. *Plaxton v. Lycoming County Zoning Hearing Board*, 986 A.2d 199, 202-03 (Pa. Cmwlth. 2009).

In contrast, Sections V, IX and X of Objectors' land use appeal raise procedural challenges to the Ordinance. Section V asserts that the Ordinance is invalid because it was enacted in violation of the Sunshine Act. (Notice of Land Use Appeal ¶¶14-22, R.R. at 15a-16a.) Sections IX and X assert arbitrary and capricious disregard of public hearing requirements in Township ordinances. (*Id.* ¶¶42-47, R.R. at 19a-20a.) "Challenges to the validity of a land use ordinance raising procedural questions or alleged defects in the process of enactment or adoption" of an ordinance must be filed in the court of common pleas, not the zoning hearing board. 53 P.S. § 11002-A(b). The trial court therefore had jurisdiction to hear Sections V, IX and X of Objectors' land use appeal.

12

For the foregoing reasons, we reverse the order of the trial court insofar as it dismissed Sections V, IX and X of Objectors' land use appeal, remand this case to the trial court for further proceedings on the merits of those challenges, and affirm the trial court's dismissal of Sections VI-VIII and XI of Objectors' land use appeal.

_____
JAMES GARDNER COLINS, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William J. Carr, Eileen L. Carr, : 
and The Horsham Neighborhood : 
Association, : 
                  Appellants : 
: No. 1536 C.D. 2016
           v. : 
: 
Horsham Township : 
: 
           v. : 
: 
Horsham-Blair, L.P. : 

# O R D E R

AND NOW, this 10th day of July, 2017, the order of the Court of Common Pleas of Montgomery County (trial court) in the above-captioned matter is REVERSED insofar as it dismissed Sections V, IX and X of Appellants' land use appeal and this matter is REMANDED for further proceedings on the merits of those challenges. The order of the trial court is AFFIRMED insofar as it dismissed Sections VI-VIII and XI of Appellants' land use appeal.

       Jurisdiction relinquished.

_____
JAMES GARDNER COLINS, Senior Judge