IN THE COMMONWEALTH COURT OF PENNSYLVANIA

McKeesport Housing Authority,            :
                    Appellant            :
                                         :   No.  1656 C.D. 2018
                    v.                   :
                                         :   Submitted:  June 7, 2019
Robert Menifee                           :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED:  December 16, 2019


          McKeesport Housing Authority (Authority) appeals from the November
15, 2018 order of the Court of Common Pleas of Allegheny County (trial court) that
denied the motion of Robert Menifee (Tenant) to file a late appeal but nevertheless
stayed his eviction from Authority property as long as Tenant complied with a
repayment plan directing him to pay $300.00 per month for rent and arrears beginning
in December 2018.

          The underlying facts of this case are not in dispute.  Tenant resided at Steel
View Manor, which consisted of low-income housing operated by the Authority in
McKeesport, Pennsylvania.  Tenant was several months behind in his rent payments
and did not provide the Authority any excuse for the missed payments.  On October
13, 2018, the Authority initiated an ejectment action against Tenant before a

Magisterial District Judge (MDJ). On October 23, 2018, the MDJ entered judgment in favor of the Authority and against Tenant in the amount of $839.20, representing three months of missed rent plus costs. The notice of judgment further granted the Authority possession of the property if the money judgment was not satisfied by the time of eviction. This notice also advised Tenant that he had 10 days from the date of entry of judgment to file an appeal with the trial court. On November 6, 2018, the MDJ issued an order directing that possession of the property be returned to the Authority. The local sheriff thereafter posted Tenant's address with a copy of the order of possession and a notice to vacate, cautioning that, if necessary, an eviction will take place on November 20, 2018. (Reproduced Record (R.R.) at 26a-42a.)

On November 13, 2018, Tenant filed a motion to file a late appeal on the basis of "a mix up with landlord[,] my girl[,] & me." (R.R. at 10a.) The Authority thereafter filed a response and a brief in opposition to Tenant's motion noting that section 513(b) of The Landlord and Tenant Act of 1951 (Landlord and Tenant Act)[1] allows a tenant only 10 days to file an appeal, but that Tenant did not file his appeal until 23 days after the MDJ entered judgment in favor of the Authority. The Authority also noted that Tenant's motion never alleged that his appeal was untimely because of administrative error, fraud, or negligence. As a result, the Authority requested that Tenant's motion be denied. By order dated November 15, 2018, the trial court denied Tenant's motion to file a late appeal but nevertheless stayed his eviction as long as he paid $300.00 per month to the Authority, representing monthly rent and arrears, beginning with the month of December 2018. This order cautioned Tenant that if he failed to make any monthly payment, the Authority could proceed with his eviction without further order of the court. The Authority filed a motion for reconsideration of

---

[1] Act of April 6, 1951, P.L. 69, *as amended*, added by the Act of July 6, 1995, P.L. 253, 68 P.S. §250.513(b).

this order, but the motion was denied.  The Authority then filed a notice of appeal with the trial court.  (R.R. at 13a-34a, 61a-62a.)

On appeal,[2] the Authority argues that the trial court lacked jurisdiction to hear Tenant's appeal and lacked the equitable power to override the statutory requirements for timely appeals.  We agree.

Section 513(b) of the Landlord and Tenant Act states that,

> **Within ten days after the rendition of judgment by a lower court arising out of residential lease** or within thirty days after a judgment by a lower court arising out of a nonresidential lease or a residential lease involving a victim of domestic violence, either party may appeal to the court of common pleas, and the appeal by the tenant shall operate as a supersedeas only if the tenant pays in cash or bond the amount of any judgment rendered by the lower court or is a victim of domestic violence and pays in cash any rent which becomes due during the court of common pleas proceedings within ten days after the date each payment is due into an escrow account with the prothonotary or the supersedeas shall be summarily terminated.

68 P.S. §250-513(b) (emphasis added).  There is no dispute that Tenant failed to file his appeal within the aforementioned 10-day time period.  Generally, "appeal periods are jurisdictional and may not be extended as a matter of grace or mere indulgence; otherwise there would be no finality to judicial action." *City of Philadelphia v. Tirrill*, 906 A.2d 663, 665 (Pa. Cmwlth. 2006).  In other words, the failure to file a timely appeal deprives a court of jurisdiction.  *Gomory v. Department of Transportation, Bureau of Motor Vehicles*, 704 A.2d 202, 204 (Pa. Cmwlth. 1998).  Nevertheless, there are certain exceptions to this rule, such as an appeal *nunc pro tunc*.

---

[2] Issues pertaining to jurisdiction are pure questions of law, and an appellate court's scope of review is plenary.  *Mastrocola v. Southeastern Pennsylvania Transportation Authority*, 941 A.2d 81, 86 n.9 (Pa. Cmwlth. 2008).  Questions of law are subject to a *de novo* standard of review. *Id.*

However, a *nunc pro tunc* appeal is only permitted where a delay in filing the appeal is caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, or non-negligent circumstances related to an appellant, his counsel, or a third party. *Ness v. York Township Board of Commissioners*, 81 A.3d 1073, 1082 n.8 (Pa. Cmwlth. 2013). In the present case, Tenant never alleged that his delay in filing was related to fraud, a breakdown in the administrative process, or any non-negligent circumstances. Instead, as noted above, Tenant's motion seeking to file a late appeal merely indicated that the reason for the late filing was "a mix up with landlord[,] my girl[,] & me." (R.R. at 10a.) This allegation, standing alone, was insufficient to justify an appeal *nunc pro tunc*, which is presumably why the trial court denied Tenant's motion. At that point, the trial court lacked jurisdiction to entertain Tenant's appeal and grant any relief to Tenant. Hence, the trial court's order, insofar as it denied Tenant's motion, was proper. However, the trial court's order, to the extent that it stayed Tenant's eviction as long as he complied with a repayment plan set forth in its order, was in error.

Accordingly, the order of the trial court is affirmed in part and reversed in part, consistent with this opinion.[3]

_____
PATRICIA A. McCULLOUGH, Judge

---

[3] Based upon our determination above, we need not address the Authority's remaining argument relating to due process.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

McKeesport Housing Authority,     :
                     Appellant     :
                                  :
                                  :     No.  1656 C.D. 2018
                v.     :
                                  :
Robert Menifee     :

## *ORDER*

AND NOW, this 16th day of December, 2019, the order of the Court of Common Pleas of Allegheny County (trial court), dated November 15, 2018, is affirmed to the extent that it denied the motion of Robert Menifee (Tenant) to file a late appeal.  The order of the trial court is reversed to the extent that it directed that Tenant's eviction be stayed as long as he remains in compliance with a repayment plan set forth in its order.

_____
PATRICIA A. McCULLOUGH, Judge