**Stephen D. SCHOFIELD**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 6, 2003.

Decided July 16, 2003.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

Charles T. DeTulleo, West Chester, for appellee.

BEFORE: COLINS, President Judge, and LEADBETTER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge LEADBETTER.

The Department of Transportation, Bureau of Driver Licensing (Department), appeals from the order of the Court of Common Pleas of Chester County (common pleas), which sustained the appeal of Stephen Schofield *nunc pro tunc* from the one-year suspension of Schofield's driving privilege imposed pursuant to Section 1532(b) and Article IV(a)(2) of Section 1581 of the Vehicle Code (Code), 75 Pa.C.S. §§ 1532(b) and 1581. Because Schofield's appeal is untimely and he has failed to demonstrate circumstances justifying an appeal *nunc pro tunc*, we reverse.

The Department suspended Schofield's driving privilege for one year by notice dated July 9, 2002, following Schofield's earlier conviction for an alcohol-related driving offense in Illinois. On November 14, 2002, Schofield filed a petition for allowance of appeal *nunc pro tunc*, in which he averred, *inter alia*, that following receipt of the notice of suspension, he contacted the attorney who represented him in Illinois and as a result of several conversations thereafter, Illinois counsel informed him that he had spoken to the Office of General Counsel in Harrisburg and that Schofield did not need to worry about the suspension and that it would all be resolved. Schofield further averred that the appeal deadline then passed and Illinois counsel did not inform him that his driving privilege would be suspended or that a timely appeal had not been filed. According to Schofield, he contacted his present counsel in Pennsylvania, Charles DeTulleo, for legal advice when Illinois counsel stopped returning his calls. The petition avers that DeTulleo met with Schofield on October 3, 2002, reviewed the matter and informed Schofield of the elements of an appeal *nunc pro tunc*. Schofield's appeal was then filed on November 14, 2002.

■ During the hearing before common pleas, Schofield testified that he immediately contacted his Illinois counsel upon receiving the Department's notice of suspension. According to Schofield, as soon as he realized he had been "misrepresented," he contacted DeTulleo to resolve the matter. DeTulleo then argued that *Commonwealth v. Stock*, 545 Pa. 13, 679 A.2d 760 (1996), supported the grant of the appeal *nunc pro tunc*. Common pleas agreed, allowed the appeal to proceed, and sustained the appeal on the merits.[1] This appeal by the Department followed.

■ On appeal, the Department contends that common pleas erred in granting Schofield leave to appeal *nunc pro tunc*. We agree. In order to timely appeal the suspension of his driving privilege, Schofield was required to file an appeal within 30 days of the mailing date of the Department's notice of suspension. *See* Sections 5571(b) and 5572 of the Judicial Code, 42 Pa.C.S. §§ 5571(b) and 5572. *See also Smith v. Department of Transp., Bureau*

---

1. Common pleas sustained the appeal after finding that the report of Schofield's conviction did not come from Illinois' licensing authority as required by Article III of the Driver's License Compact, 75 Pa.C.S. § 1581. Common pleas is correct that this failure is grounds to sustain the appeal. *See generally Tripson v. Department of Transp., Bureau of Driver Licensing*, 773 A.2d 195 (Pa.Cmwlth. 2001).

of Driver Licensing, 749 A.2d 1065, 1065 (Pa.Cmwlth.2000). Thus, there is no dispute that Schofield's petition for allowance to appeal, which was filed more than three months late, was untimely.

■ Recently, in *Criss v. Wise*, 566 Pa. 437, 781 A.2d 1156 (2001), our Supreme Court set forth the current principles governing appeals *nunc pro tunc:*

> [W]hen a party has filed an untimely notice of appeal ... appellate courts may grant a party equitable relief in the form of an appeal *nunc pro tunc* in certain extraordinary circumstances. *Commonwealth v. Stock*, 545 Pa. 13, 679 A.2d 760, 763–64 (1996). Initially, an appeal *nunc pro tunc* was limited to circumstances in which a party failed to file a timely notice of appeal as a result of fraud or breakdown in the court's operations. *West Penn Power Co. v. Goddard*, 460 Pa. 551, 556, 333 A.2d 909, 912 (1975) (the time for taking an appeal will not be extended as a matter of grace or mere indulgence). In *Bass v. Commonwealth Bureau of Corrections, et al.*, 485 Pa. 256, 401 A.2d 1133 (1979), however, this court found that where an appellant, an appellant's counsel, or an agent of appellant's counsel has failed to file a notice of appeal on time due to non-negligent circumstances, the appellant should not lose his day in court. *Id.* at 1135. Therefore, the *Bass* Court expanded the limited exceptions for allowing an appeal *nunc pro tunc* to permit such an appeal where the appellant proves that: (1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay. *See id.* at 1135–36 (allowing appellant to appeal *nunc pro tunc* where appeal was filed four days late because appellant's attorney placed the notice of appeal on the desk of the secretary responsible for ensuring that appeals were timely filed and the secretary became ill and left work, not returning until after the expiration of the period for filing an appeal); *see also Cook v. Unemployment Comp. Bd. of Review*, 543 Pa. 381, 386, 671 A.2d 1130, 1132 (1996) (granting appeal *nunc pro tunc* where claimant filed appeal four days late because he was hospitalized).

*Id.* at 442–43, 781 A.2d at 1159–60. The Court reiterated that the exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances is limited to unique and compelling cases in which an appellant has clearly established that he attempted to file an appeal but was precluded from doing so due to unforeseeable and unavoidable events. *Id.* at 443, 781 A.2d at 1160. The principle that an attorney's negligence in filing an untimely appeal (as opposed to non-negligent circumstances such as illness) does not warrant the allowance of an appeal *nunc pro tunc* was recently reaffirmed by our Supreme Court in *Alles v. Department of Transportation, Bureau of Driver Licensing*, 565 Pa. 279, 773 A.2d 126 (2001) (*per curiam* opinion).

Common pleas erred in concluding that *Stock* required allowance of Schofield's untimely appeal. In *Stock*, the Supreme Court addressed the issue of whether counsel's failure to file an appeal in a summary case when requested, resulting in the loss of the appellant's constitutional right to appeal, amounted to extraordinary circumstances so as to merit an allowance of an appeal *nunc pro tunc*. Since the appellant in *Stock* could not vindicate his right to appeal through the Post Conviction Relief Act, the Supreme Court noted

that "it would be entirely unfair in the criminal context to permit Appellant's state constitutional right of an appeal to be extinguished solely on the basis of his counsel's failure to timely file the appeal where Appellant had requested an appeal to be filed." 545 Pa. at 21, 679 A.2d at 764–65. Therefore, the Court concluded that counsel's failure to file a timely appeal as requested constituted extraordinary circumstances warranting an appeal *nunc pro tunc.* Our research has failed to reveal any cases where *Stock* has been interpreted and applied to allow a *nunc pro tunc* appeal in a civil case due to counsel's negligence in failing to file a timely appeal. Moreover, in light of the Supreme Court's recent reiteration in *Criss* and *Alles* of the principle that negligence of counsel does not justify allowance of an untimely appeal, we conclude common pleas erred in relying on *Stock* to permit Schofield to appeal *nunc pro tunc.*

 Following the principles set forth in *Criss,* we conclude that the record is devoid of evidence demonstrating either extraordinary circumstances or the type of non-negligent circumstances that warrant allowance of an untimely appeal. There is no evidence to explain Schofield's Illinois counsel's failure to appeal, negligent or otherwise, and Schofield's current attorney waited more than a month to file the appeal after Schofield contacted him. Again, there is no explanation for present coun-

sel's failure to act with promptness. As this court noted in *Stanton v. Department of Transportation, Bureau of Driver Licensing,* 154 Pa.Cmwlth. 350, 623 A.2d 925 (1993), a petitioner "must proceed with reasonable diligence once he knows of the necessity to take action." *Id.* at 927. Indeed, in *Stanton,* we held that the attorney's office manager, who was responsible for filing the appeal and missed the deadline due to illness, failed to act with reasonable diligence when she waited eleven days after returning to work to file the petitioner's appeal. Consequently, we are constrained to conclude that common pleas erred in allowing Schofield to appeal *nunc pro tunc.*

Based on the foregoing, the order of common pleas is reversed.

### *ORDER*

AND NOW, this 16th day of July, 2003, the order of the Court of Common Pleas of Chester County in the above-captioned matter is hereby REVERSED and the suspension of Schofield's driving privilege is reinstated.