J-S01035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WELLS FARGO BANK, N.A. SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INC., BACKED CERTIFICATES, SERIES 2005-OPTI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARY SHIRLEY GOLPHIN | |
| Appellant | No. 1398 EDA 2015 |

Appeal from the Order Entered April 13, 2015
In the Court of Common Pleas of Monroe County
Civil Division at No(s): 2232 CV 2007

BEFORE:  GANTMAN, P.J., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED FEBRUARY 18, 2016**

Appellant, Mary Shirley Golphin, appeals from the order entered in the Monroe County Court of Common Pleas, which denied her petition to strike off and open judgment and/or reinstate her appellate rights.  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.[1]  Therefore, we have no reason to restate them.

Appellant raises the following issue for our review:

_____

[1] On September 23, 2015, this Court issued rule to show cause why the appeal should not be quashed or dismissed for failure to file timely post-trial motions.  Appellant responded on October 2, 2015.

> MAY A TRIAL COURT SUMMARILY DISMISS A REQUEST TO OPEN A JUDGMENT AND/OR REINSTATE A PARTY'S APPELLATE RIGHTS WITHOUT ISSUING A RULE TO SHOW CAUSE OR HOLDING A HEARING?

(Appellant's Brief at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Jonathan Mark, we conclude Appellant's issue merits no relief. The trial court's opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed September 1, 2015, at 7-13) (finding: Appellant filed notice of appeal before filing post-trial motions, which resulted in waiver of issues on appeal; Appellant subsequently filed untimely post-trial motions without requesting leave to file motions *nunc pro tunc*; court lacked jurisdiction to hear and decide untimely post-trial motions; Appellant has not specifically sought leave to file post-trial motions *nunc pro tunc*, and her petition to strike and open judgment and/or reinstate her appellate rights could not overcome waiver; in alternative, Appellant's petition failed to plead any valid reason to grant relief Appellant requested; petition failed to allege any record defect that would justify striking judgment, and no defect appears on face of record; Appellant's petition was also untimely filed, as she did not file petition until almost four months after court found in Appellee's favor; Appellant's petition was also incorrect procedural vehicle to seek permission to file post-trial motions out of time; Appellant should have filed motion for leave to file post-trial motions *nunc*

- 2 -

*pro tunc* to cure waiver of issues on appeal; petition fails to allege equitable basis for opening judgment or reinstating appellate rights).[2]  The record supports the trial court's decision; therefore, we see no reason to disturb it. Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/18/2016

_____

[2] We depart from the court's opinion to the extent it states Appellant should have appealed from the denial of her untimely post-trial motions. (**See** Trial Court's Opinion at 10).  Technically, Appellant's appeal lay from the judgment entered on the verdict.  ***Zitney v. Appalachian Timber Products, Inc.***, 72 A.3d 281, 285 (Pa.Super. 2013).  Any appeal filed prior to that date (March 10, 2015) was actually premature.  That procedural glitch in the case, however, does not excuse the waiver of Appellant's issues for her failure to file timely post-verdict motions or leave of court to file them *nunc pro tunc*.

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

RECORD FILED IN
SUPERIOR COURT
SEP 4 2015
PHILADELPHIA

WELLS FARGO BANK, N.A.,
SUCCESSOR BY MERGER TO WELLS
FARGO HOME MORTGAGE, INC.          :
                                   :
          Plaintiff,               :     NO.  2232 CIVIL 2007
                                   :
          v.                       :     Appeal Docket No. 1398 EDA 2015
                                   :
MARY SHIRLEY GOLPHIN,              :
                                   :
          Defendant                :

## SUPPLEMENTAL APPEAL OPINION

This case is before the Court on Defendant's appeal from the order dated April 10, 2015, that denied her petition to "Strike Off and Open Judgment and/or to Reinstate Appellate Rights (the "Reinstatement Petition")." This opinion supersedes and replaces the appeal opinion previously issued on June 25, 2015.

## BACKGROUND

Although Defendant believes the case involves much more, this is a basic mortgage foreclosure action. On December 17, 2014, a non-jury trial was convened. Defendant appeared represented by the attorney who had represented her from the beginning of this case as well as in a related federal action Defendant filed against Plaintiff and several other in the Middle District of Pennsylvania. At the conclusion of trial, the undersigned issued a decision finding "in favor of Plaintiff, Wells Fargo Bank. . . and against Defendant, Mary Shirley Golphin, in the amount of $473,880.46, plus interest, for foreclosure and sale of the mortgaged property." The decision was

1

interest, for foreclosure and sale of the mortgaged property." The decision was entered of record the next day. On December 19, 2014, the Prothonotary served the decision on counsel for both parties and filed an affidavit of service.

Neither party filed post-trial motions. Similarly, neither party entered judgment on the verdict. Nonetheless, there were several other filings.

On December 24, 2014, Defendant filed a *pro se* request for a transcript of the trial. An order was issued directing the Official Court Monitor to transcribe the trial upon payment by Defendant of the $420 transcription fee. Defendant did not tender payment within the time allotted in the transcription order. Accordingly, the order was rescinded.

On January 9, 2015, despite still being represented by her trial counsel who filed an appeal on her behalf three days later, Defendant filed a *pro se* petition to proceed *in forma pauperis*. The petition was denied. Defendant did not challenge the denial.

On January 12, 2015, without filing post-trial motions or entering judgment on the verdict, Defendant filed a counseled appeal (the "First Appeal")[1] from the December 18, 2014 decision.

On January 30, 2015, we filed an appeal opinion (the "First Appeal Opinion") expressing our belief that the appeal should be dismissed or quashed. We reasoned that, because neither party had entered judgment on our decision, the appeal was at best premature. Additionally, and much more substantively, we pointed out that

---

[1] The First Appeal was docketed in the Superior Court to No. 267 EDA 2015.

2

Defendant had waived her appeal issues by failing to file post-trial motions. A copy of the First Appeal Opinion is attached and incorporated as Appendix A.

On February 11, 2015, through trial counsel, Defendant filed an untimely motion for a new trial and an untimely motion for judgment notwithstanding the verdict. The motions did not allege any basis for the delay. Defendant neither sought nor obtained leave of this Court or the Superior Court to file the motions out-of-time.

On February 13, 2015, we issued a memorandum opinion and order denying both motions, finding that we lacked jurisdiction to entertain the order because Defendant had filed an appeal. Additionally, and alternatively, we expressed our belief that we could not (and should not) decide the motions because they were untimely filed, Defendant did not even seek permission to file the motions *nunc pro tunc,* an appeal had already been filed, and Plaintiff had not been given the opportunity to contest the timeliness of the filings. A copy of the February 13, 2015 memorandum and order is attached and incorporated as Addendum B. Defendant has not challenged the denial.

On March 2, 2015, the Superior Court issued an order dismissing the First Appeal. The Superior Court found that Defendant had failed to preserve any issues for appellate review because she did not file post-trial motions.

On March 10, 2015, Plaintiff entered judgment on our decision. Three days later, Defendant's trial counsel withdrew his appearance in favor of Defendant's current attorney.

On April 6, 2015, three and one-half months after the decision was entered, almost two months after the untimely motions for a new trial and for judgment NOV were denied, and thirty-four days after the Superior Court dismissed the First Appeal, Defendant through her new attorney filed the Reinstatement Petition. In that petition, Defendant alleged only that she:

> 3. Was not informed of her opportunity to file post-trial motions and as a result her appeal to the Superior Court was denied by order of March 2, 2015.
> 4. Accordingly, there was a breakdown in the judicial process which denied Defendant the opportunity to file post-trial motions and to ensure that her appellate rights were maintained.

(Reinstatement Petition, ¶¶ 3 and 4). Defendant did not cite any legal authority for her assertions. Similarly, Defendant did not specify who allegedly failed to inform her of the requirement that post-trial motions must be timely filed to preserve appeal rights, explain why she attempted to proceed *pro se* immediately after the decision was entered, or even attempt to account for her failure to seek leave to file post-trial motions *nunc pro tunc* or otherwise justify the procedural errors that have been made, compounded, and parlayed.

By order dated April 10 and entered on April 13, 2015, we denied the Reinstatement Petition. In the order, we summarized our reasoning as follows:

> 1. Defendant has not articulated any cognizable factual or legal basis for the relief she has requested;
>
> 2. The Petition is untimely; and
>
> 3. To the extent that Defendant's Petition was based on attorney error, this error would not entitle Defendant to have her appellate rights reinstated. *See Shofield v. Dep't.*

4

> *of Transp., Bur. of Driver Licensing*, 628 A.2d 510, 513 (Pa. Cmwlth. 2003) ( "Our research has failed to reveal any cases ... to allow a *nunc pro tunc* appeal in a civil case due to counsel's negligence in failing to file a timely appeal.); *see also Moring v. Dunne*, 493 A.2d 89, 91 (Pa. Super. 1985) ("[T]he mere neglect or mistake of the appellant or his counsel is not considered a sufficient excuse for failure to file a timely appeal.").

(Order, filed April 13, 2015).

On May 7, 2015, Defendant filed a timely notice of appeal (the "Second Appeal") from the order denying the Reinstatement Petition. On receipt of the notice, we issued an order directing Defendant to file a statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b) within twenty-one (21) days.

Subsequently, counsel for Defendant prepared a Rule 1925(b) statement and a certificate of service indicating that the statement had been served on both counsel for Plaintiff and the undersigned. He then apparently gave the statement and certificate to Defendant.

On May 27, 2015, Defendant personally filed the 1925(b) statement and certificate of service that her attorney had given her. However, she did not serve a copy on the undersigned. In fact, later the same day, Defendant filed a separate *pro se* certificate of service indicating that the statement had been mailed only to counsel for Plaintiff. As Defendant and her attorney acknowledged at a later hearing, the statement was not served on the undersigned until much later. For reasons still unexplained, the Prothonotary date-stamped the filings personally submitted by Defendant, but did not immediately file or scan them into the record.

Subsequently, the Court issued an opinion ("Second Appeal Opinion") in accordance with Pa. R.A.P. 1925(a). As of the date the Second Appeal Opinion was prepared, Defendant's Rule 1925(b) statement did not appear of record and a copy had not been served on the undersigned. Accordingly, in the Second Appeal Opinion we expressed our belief that Defendant had waived her appeal issues by failing to file a statement.

Thereafter, counsel for Defendant delivered a copy of the statement to the undersigned and filed a petition to correct the record, seeking to have the statement properly docketed, indexed, and recorded as of the date Defendant filed it. A hearing was held. Defendant and her attorney appeared; counsel for Plaintiff elected not to attend. At the conclusion of the hearing we entered an order granting the petition to correct the record. The order provided, in part, that:

> The Court now finds and recognizes that a Rule 1925(b) Statement was timely filed. However, it was neither timely nor properly served on the undersigned. As a result of this finding:
>
> 1. The portion of the Opinion we issued on June 25, 2015 Pursuant to Pa. R.A.P. 1925(a) which indicated that Defendant did not file a statement is **VACATED**.
>
> 2. Defendant is granted ten (10) days from receipt of this Order within which to either: (a) file an amended Rule 1925(b) statement; or (b) file of record a statement indicating that no Amendment will be submitted. The amendment or statement shall be served on the undersigned as well as on counsel for Plaintiff.
>
> 3. This Court respectfully requests that the Superior Court grant additional time for Defendant to file an amended statement, and thereafter, for this Court to file a supplemental appeal opinion.

6

(Order filed July 27, 2015).

Thereafter, counsel for Defendant filed a Rule 1925(b) statement which is identical to the statement that Defendant had previously submitted. This time, counsel filed and served the statement himself. In both versions of the statement, Defendant raises only the single contention that we "erred in denying Defendant the opportunity to present her testimony and evidence at a hearing with regard to her [Reinstatement Petition]." For the reasons that follow, Defendant's contention is without merit.

## DISCUSSION

Our reasons for denying the Reinstatement Petition were summarized in the order dated April 10 and entered on April 13, 2015. We did not convene a hearing because in our view the petition was facially devoid of merit. Additionally, we believed that, even if the relief requested by Defendant was granted, she could not overcome the waiver of appeal issues. In more expanded terms:

Fundamentally, we denied the Reinstatement Petition because, under the specific facts, circumstances, and procedural history of this case, we believed that even if the judgment were stricken or opened Defendant could not overcome the waiver of issues that has resulted from her failure to timely file post-trial motions at a point in the case when this Court had jurisdiction to decide them. Additionally, we felt that the petition was untimely. Further, as to the petition itself, we found that Defendant did not plead a cognizable reason or legal basis for striking or opening the judgment or for reinstating her appeal rights.

7

Prompted by this appeal, we have reviewed our decision and rationale. We continue to believe that our denial of the Reinstatement Petition was correct under the facts and the law.

It is well-settled that the filing of post-trial motions is mandatory if a litigant wishes to preserve issues for appellate review. Specifically, Pa R.C.P. 227.1 requires parties to file post-trial motions within ten days of the verdict or decision in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes. *See Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996 (Pa. 2001); *Lane Enterprises, Inc. v. L.B. Foster Co.*, 710 A.2d 54 (Pa. 1998); *D.L. Forrey & Associates, Inc. v. Fuel City Truck Stop, Inc.*, 71 A.3d 915 (Pa. Super. 2013); *Warfield v. Shermer*, 910 A.2d 734, 737 (Pa. Super. 2006); *Sovereign Bank v. Valentino*, 914 A.2d 415 (Pa.Super.2006); *Diener Brick Co. v. Mastro Masonry Contractor*, 885 A.2d 1034 (Pa. Super. 2005); *Lenhart v. Cigna Companies*, 824 A.2d 1193 (Pa. Super. 2003); *Hysong v. Lewicki*, 931 A.2d 63 (Pa. Cmwlth. 2007).

Viewed alone, the ten day time period of Rule 227.1 is a procedural rather than a jurisdictional requirement. As a result, trial courts generally have broad discretion to either strike untimely motions or exercise their equitable powers to hear such motions, at least where there is no formal objection by or prejudice to the opposing party. *See D.L. Forrey & Associates, supra* (and cases cited therein); *Behar v. Frazier*, 724 A.2d 943 (Pa. Super. 1999). However, there are limits on the trial court's discretion to hear an untimely motion. Initially, the trial court must have jurisdiction. As a result, to be heard, an untimely motion must be filed during the post-

8

trial stage, *before an appeal is filed*. Once an appeal is filed, jurisdiction is lost. *D.L. Forrey & Associates, supra. See Sahutsky, supra; Lane Enterprises, supra; Lenhart, supra.* If an appeal is dismissed (or waiver of issues is found) for failure to file post-trial motions, a subsequent request for leave to file post-trial motions *nunc pro tunc* will be decided under a narrow "extraordinary circumstances" standard. *D.L. Forrey & Associates, supra; Lenhart, supra.* See *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001); *Schofield v. Department of Transportation, Bureau of Driver Licensing*, 828 A.2d 510, 512 (Pa. Cmwlth. 2003), *appeal denied*, 837 A.2d 1179 (Pa. 2003). At that stage, the party seeking permission to file post-trial motions (or an appeal) out-of-time must show fraud, breakdown in the operations of the court, or that the failure to timely file resulted from *non-negligent* circumstances, either as they relate to the filing party or the party's counsel. Negligence, including attorney negligence, will *not* satisfy the standard. *See Criss, supra; Alles v. Department of Transportation, Bureau of Driver Licensing*, 565 Pa. 279, 773 A.2d 126 (2001) (*per curiam* opinion); *D.L. Forrey & Associates, supra; Schofield, supra; Lenhart, supra.* Additionally, under the cited cases and numerous other decisions, a court may not permit an untimely filing if the non-moving party will be prejudiced. Finally, the length of the delay and the reasons for the delay must be considered.

In this case, Defendant did not file post-trial motions before an appeal was filed. As a result, she waived her appeal issues.

Defendant later filed untimely post-trial motions. However, she did so *after* she appealed our decision and without asking either this Court or the Superior Court for

9

leave to file the motions *nunc pro tunc*. As a result, we lacked jurisdiction to hear and decide the motion. In fact, we denied the untimely motions for these reasons. Significantly, Defendant did not appeal the denial of her untimely post-trial motions.

Once the First Appeal was decided, Defendant's remedy was to file a motion seeking leave to file post-trial motions out-of-time. Incredibly, Defendant *still* has not specifically sought leave to file post-trial motions *nunc pro tunc*.

Simply, without such a formal request, backed up by facts that would meet the "extraordinary circumstances" standard, even if the judgment is stricken or opened and Defendant's appeal rights are reinstated there is no procedural or substantive basis to excuse the waiver occasioned by her failure to file post-trial motions. Stated another way, granting the relief requested by Defendant would have been meaningless because her appeal issues would still have been waived and no proper request to cure the waiver had been made. Given these facts and circumstances, all of which are clear from the record, denial of the Reinstatement Petition without a hearing was proper.

Additionally, and alternatively, the Reinstatement Petition failed to state a valid basis for granting the relief Defendant requested.

The petition seeks various forms of relief. The first request is that the judgment be stricken. "A petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. Matters outside of the record will not be considered, and if the record is self-sustaining, the judgment will not be stricken." *See Bell v. Kater,* 943 A.2d 293, 295 (Pa. Super. 2008) (citation omitted), *appeal*

10

*denied,* 960 A.2d 454 (Pa. 2008). Here, Defendant did not allege any record defect that would justify striking the judgment. Similarly, no such defect appears on the face of the record. In this regard, Defendant's assertion that she was "not informed" of the requirement to file post-trial motions, even if true, is not the type of a defect that would appear on the face of the record. Accordingly, Defendant failed to plead any cognizable basis for striking the judgment.

The second and third requests for relief ask that the judgment be opened and Defendant's appeal rights be reinstated. Trial courts possess the power to grant the equitable relief requested by Defendant. However, the facts and circumstances must be sufficient to warrant invocation of a court's equitable powers, the proper procedural request must be made, and the moving party must seek relief quickly and assert a facially valid claim or defense. Here, the equities are not with Defendant.

As indicated, Defendant did not act quickly. The Reinstatement Petition was not filed until three and one-half months after the decision was entered, almost two months after the untimely motions for a new trial and for judgment NOV were denied, and thirty-four days after the Superior Court dismissed the First Appeal.

Moreover, the Reinstatement Petition was an incorrect procedural vehicle by which to seek the full remedy -- permission to file post-trial motions out-of-time -- that Defendant ultimately needs to file a valid appeal from the verdict. The correct vehicle would have been a motion for leave to file post-trial motions *nunc pro tunc.* This is not simply a matter of procedural form over substance. As discussed above, even if the judgment were opened, appeal rights reinstated, or both, Defendant would still need

11

to seek and be granted leave to file post-trial motions in order to cure the waiver of her appeal issues. In this regard, the Reinstatement Petition did not assert that Defendant intends to file a motion for *nunc pro tunc* relief, that she currently has cognizable grounds for seeking leave to file post-trial motions out-of-time, or that, if allowed to appeal, she has facially valid appeal issues.

Substantively, the Reinstatement Petition does not allege a valid reason or equitable basis for opening the judgment or reinstating appeal rights. Defendant's requests for relief are based solely on her contention that she was "not informed" that she had to file post-trial motions. As noted, she does not specify who purportedly failed to inform her. To the extent that Defendant implies that there was a breakdown in the operation of the Court because the Court did not inform her of the procedural steps she needed to take in order to challenge the decision, there is no requirement that the Court advise a represented Defendant of the requirement to file post-trial motions. Similarly, as discussed, to the extent Defendant is claiming that her trial attorney failed to properly advise her, attorney negligence is not a valid basis for reinstating appeal rights, opening a judgment, or overlooking the failure to file or to timely file post-trial motions.

Finally, while seeking equitable remedies, and while tacitly blaming her prior attorney for waiving her appeal issues, Defendant did not explain why she acted or attempted to act *pro se* during the ten-day period for filing post-trial motions. Along similar lines, Defendant did not explain why she did not appeal our denial of her untimely post-trial motions, an omission that could by itself derail any request

12

Defendant might make for leave to file a second set of post-trial motions out-of-time. While these facts may be somewhat tangential, they do help point out that the equities are not on Defendant's side.

In sum, it was clear to us that Defendant was not entitled to the relief she sought. She did not plead a defect that was clear on the face of the record, "extraordinary circumstances," or any cognizable basis for equitable relief. In any event, granting the relief Defendant requested would have been meaningless because doing so would not and could not have cured the waiver. Since the relevant facts and circumstances were clear from the record and the face of the Reinstatement petition, there was no need for a hearing.

For these reasons, we believe that the order denying the Reinstatement Petition should be affirmed.

BY THE COURT:

DATE: 8/31/15

_____
JONATHAN MARK, J.

Cc:   Superior Court of Pennsylvania
      Jonathan Mark, J.
      T. Axel Jones, Esq.
      Gregory F. Vizza, Esq.

2015 SEP 1 AM 10 15
MONROE COUNTY, PA
PROTHONOTARY

13