# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamar H. Young,                          :
                      Petitioner         :
                                         :
         v.                              :    No. 695 - 700 C.D. 2015
                                         :    Submitted: February 26, 2016
Unemployment Compensation                :
Board of Review,                         :
                      Respondent         :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                  **FILED: April 28, 2016**

Jamar H. Young (Claimant), representing himself, petitions for review from six orders of the Unemployment Compensation Board of Review (Board) that affirmed a referee's dismissal of his appeals from several notices of determination (notices) as untimely pursuant to Section 501(e) of the Unemployment Compensation Law[1] (Law). Despite the Board's determinations that Claimant's appeals were untimely, in his uncounseled brief, Claimant offers little argument regarding the untimeliness of his appeals. Upon review, we must affirm.

On August 13, 14 and 15, 2014, the local unemployment compensation (UC) service center issued several notices, which ruled Claimant ineligible for UC benefits because he did not report all of his earnings from his

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, <u>as</u> <u>amended</u>, 43 P.S. §821(e).

employment with United Parcel Service for numerous weeks between 2010 and 2014. The notices also established fault overpayments.[2] Copies of the notices were mailed to Claimant at his last known post office address on August 13, 14 and 15, 2014. The notices informed Claimant that the final days to timely appeal were August 28, 29, and September 2, 2014, respectively. Claimant admitted he received the notices no later than September 2014.

Thereafter, on October 21, 2014, Claimant contacted the service center by telephone, and he was advised of his right to file late appeals. Claimant filed faxed petitions for appeal of the notices, which the service center received on December 4, 2014.

A referee held a hearing on Claimant's appeals at which Claimant appeared and testified. Additionally, Andrea Quirk of the Erie UC service center testified by telephone.

After the hearing, the referee issued decisions in which he found Claimant offered no explanation for the six-week delay between his conversation with the service center and the faxed appeals. The referee further found Claimant was not misinformed or misled as to his appeal rights. Dismissing Claimant's appeals as untimely, the referee explained (with emphasis added):

> [Claimant] testified that there was an issue with his mail, and he did not receive the [notices] until sometime in September 2014. [Claimant] further testified that he was

---

[2] Additionally, in two instances, the notices indicated that Claimant had invalid waiting weeks in 2011 and 2013, which had to be changed to valid waiting weeks.

shocked by the decisions, and did not contact the [s]ervice [c]enter until some point later. The evidence shows that [Claimant] did have a discussion with the [s]ervice [c]enter on October 21, 2014, at which time he was specifically advised of his appeal rights, including the right to file a late appeal. For reasons unknown, [Claimant] then waited another 6 weeks to file his appeals.

Based on the evidence in the record, [Claimant's] appeals were not filed until 12/4/14, the date that they were stamped as received by the UC [s]ervice [c]enter's fax machine. Moreover, there is nothing in the record to indicate that there was any breakdown in the administrative process, or any fraud or non-negligent conduct of [Claimant] which would otherwise excuse the late filing of the appeals by [Claimant]. Accordingly, [Claimant's] appeals must be dismissed in accordance with Section 501(e) of the Law.

Certified Record (C.R.), Item No. 13, Referee's Dec., 1/14/15, at 2.

Claimant appealed, and the Board issued orders affirming the referee's decisions and adopting and incorporating the referee's findings and conclusions. Claimant now petitions for review to this Court.[3]

Initially, we note, in UC cases, the Board is the ultimate fact-finder and is empowered to resolve all conflicts in evidence, witness credibility and weight afforded to the evidence. Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review, 949 A.2d 338 (Pa. Cmwlth. 2008). Unchallenged findings are conclusive on appeal. Campbell v. Unemployment Comp. Bd. of Review, 694 A.2d 1167 (Pa. Cmwlth. 1997). In addition, we are bound by the Board's findings

---

[3] This Court consolidated Claimant's appeals of the six Board orders issued in this case.

so long as the record, taken as a whole, contains substantial evidence to support them.  Ductmate.

On appeal,[4] Claimant does not dispute the fact-finder's determinations that his appeals of the notices were untimely.  Instead, most of his brief relates to the merits of the notices.  However, he very briefly asserts he experienced problems receiving mail at his address.  Also, in his Statement of the Case, Claimant asserts, "[he] did not understand fully what was going on ,once [sic] the letter was received of me.  The language in the letter was intimidating,fearful, [sic] threatening my imprisonment,and [sic] accusatory."  Br. of Pet'r at 2.

In response, the Board informed this Court that it would not file a brief in this matter.

Section 501(e) of the Law states, as relevant:

Unless the claimant … files an appeal with the board, from the determination contained in any notice required to be furnished by the department … within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be … denied in accordance therewith.

---

[4] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed or whether constitutional rights were violated.  Johns v. Unemployment Comp. Bd. of Review, 87 A.3d 1006 (Pa. Cmwlth.), appeal denied, 97 A.3d 746 (Pa. 2014).

43 P.S. §821(e).[5]  "The requirement that an appeal be filed within fifteen days is jurisdictional, precluding either the Board or a referee from further considering the matter."  Gannett Satellite Info. Sys., Inc. v. Unemployment Comp. Bd. of Review, 661 A.2d 502, 504 (Pa. Cmwlth. 1995) (citation omitted).  The time for taking an appeal cannot be extended as a matter of grace or mere indulgence.  Russo v. Unemployment Comp. Bd. of Review, 13 A.3d 1000 (Pa. Cmwlth. 2010).

However, the Board may consider an untimely appeal in limited circumstances.  Hessou v. Unemployment Comp. Bd. of Review, 942 A.2d 194 (Pa. Cmwlth. 2008).  The burden to establish the right to have an untimely appeal considered is a heavy one because the statutory time limit established for appeals is

---

[5] Further, Section 101.82(b)(3) of the Board's regulations states, in relevant part:

> (b) A party may file a written appeal by any of the following methods:
>
> * * * *
>
> *(3) Fax transmission.*
>
>> (i) The filing date will be determined as follows:
>>
>>> (A) The date of receipt imprinted by the Department, the workforce investment office or the Board's fax machine.
>>
>> * * * *
>>
>> (ii) A party filing an appeal by fax transmission is responsible for delay, disruption, interruption of electronic signals and readability of the document and accepts the risk that the appeal may not be properly or timely filed.
>>
>> (iii) A fax transmission is timely filed if it is received by the Department appeal office, workforce investment office or Board before midnight on the last day of the appeal period in accordance with this subsection.

34 Pa. Code §101.82(b)(3) (emphasis added).

5

mandatory. Roman-Hutchinson v. Unemployment Comp. Bd. of Review, 972 A.2d 1286 (Pa. Cmwlth. 2009).

A petitioner may satisfy this heavy burden in one of two ways. Hessou. First, he can show administrative breakdown or fraud. Cook v. Unemployment Comp. Bd. of Review, 671 A.2d 1130 (Pa. 1996); Hessou. Second, he can show non-negligent conduct beyond his control caused the delay. Cook; Hessou. "[F]ailure to file an appeal within fifteen days, without an adequate excuse for the late filing, mandates dismissal of the appeal." Hessou, 942 A.2d at 198 (quoting U.S. Postal Serv. v. Unemployment Comp. Bd. of Review, 620 A.2d 572, 573 (Pa. Cmwlth. 1993)).

In addition, a party seeking permission to file a nunc pro tunc or "now for then" appeal must proceed with reasonable diligence once he knows of the necessity to take action. Schofield v. Dep't of Transp., Bureau of Driver Licensing, 828 A.2d 510 (Pa. Cmwlth. 2003). Thus, an application must be filed within a reasonable time after the occurrence of the extraordinary circumstance. Nixon v. Nixon, 198 A. 154 (Pa. 1938).

Here, the referee made the following supported findings, which the Board adopted. On August 13, 14 and 15, 2014, the service center mailed the notices, which found Claimant ineligible for UC benefits for numerous claim weeks between 2010 and 2014, to Claimant's last known address.[6] Referee's Dec.,

---

[6] Specifically, the service center deemed Claimant ineligible for UC benefits under Sections 4(u), 43 P.S. §753 (defining the term "unemployed"), 401 and 401(c), 43 P.S. §801, **(Footnote continued on next page…)**

6

Finding of Fact (F.F.) No. 1; C.R. at Item #6. The notices also established fault overpayments under Section 804(a) of the UC Law, 43 P.S. §874(a). Id. The notices were not returned as undeliverable by the postal authorities. F.F. No. 2. The notices indicated the last day to appeal was August 28, 29 and September 2, respectively. F.F. No. 3; C.R. at Item #6. Claimant recalled receiving the notices no later than September 2014. F.F. No. 4; C.R., Item #12, Referee's Hearing, Notes of Testimony (N.T.), 1/12/15, at 8.

On October 21, 2014, Claimant contacted the service center by telephone and was advised of his right to file late appeals during that conversation. F.F. No. 5; N.T. at 8, 10-11; C.R., Item #1 at 53. Claimant filed faxed appeals of the notices, which were received on December 4, 2014, as indicated by the service center fax machine's printed received on dates on the petitions for appeal. F.F. No. 6; C.R., Item #7. Claimant offered no explanation for the six-week delay between his telephone conversation with the service center and the faxed appeals. F.F. No. 7; N.T. at 10. Claimant was not misinformed or misled as to his appeal rights. F.F. No. 8; N.T. at 6-14.

Further, the fact-finder determined, "there is nothing in the record to indicate that there was any breakdown in the administrative process, or any fraud or non-negligent conduct of Claimant which would otherwise excuse the late filing of the appeals by Claimant." Referee's Dec. at 2. Likewise, in his brief to this

---

**(continued…)**

801(c) ("Qualifications required to secure compensation") and 404(d), 43 P.S. §804(d) ("Rate and amount of compensation").

Court, Claimant does not clearly explain how his untimely appeals resulted from administrative breakdown or fraud or non-negligent conduct beyond his control. Because Claimant does not challenge the Board's findings, they are conclusive on appeal. Campbell.

In addition, before the referee Claimant offered no testimony that he was confused regarding his right to appeal or the appeal deadlines stated on the notices. To that end, the following exchanges occurred at the referee's hearing (with emphasis added):

> [Referee]: All right. It looks like you faxed your appeal[s] on December 4th [2014]. Why was that? Why did you wait so long, I guess is what I'm trying to find out?
>
> [Claimant]: Because I really -- to be honest I was in a state of shock. I did not understand why I had all of these notices dating back so many years.
>
> [Referee]: Did you contact the [s]ervice [c]enter to find out what was happening?
>
> [Claimant]: I did. (inaudible).
>
> [Referee]: Do you recall when you spoke with the [s]ervice [c]enter people?
>
> [Claimant]: No, I don't.
>
> * * * *
>
> [Agency representative]: … [A]ccording to the most recent claim record … that is where any notes will be made if you had called in to contact us about those -- information. And it appears that you called in and only spoke with us once and that was October 21st [2014]. And you were indicated -- or we had told you that you could file an appeal if you did not agree at

8

that point in time.  So you called in in October.  Why did you wait until December [to file the appeals]?

[Referee]:    Do you know why, sir?

[Claimant]:  No.  I just -- I just didn't.

N.T. at 8, 10.[7]


For these reasons, we are constrained to affirm the Board's decisions dismissing Claimant's appeals as untimely under Section 501(e) of the Law.


_____
ROBERT SIMPSON, Judge

---

[7] Without any discussion or explanation, Claimant provides a citation to this Court's unreported decision in Haley v. Unemployment Compensation Board of Review (Pa. Cmwlth., No. 296 C.D. 2011, filed December 29, 2011).  There, we affirmed a Board decision dismissing a claimant's appeal from a referee's decision as untimely where the claimant faxed her appeal eight days after the appeal deadline after an initial unsuccessful attempt to file it by email.  The claimant testified that after she experienced difficulties filing her appeal by email she called a number she found online and was directed to mail the appeal to the Commonwealth Court rather than to the Department of Labor and Industry.  However, the claimant could not identify the telephone number, with whom she spoke or the entity she called for assistance.  Ultimately, this Court determined: "Without this information, it is impossible to say whether [the] [c]laimant's failure to timely file her appeal was caused by a breakdown in the UC administrative system or by non-negligent circumstances related to the [c]laimant."  Id., slip op. at 5-6 (emphasis deleted).  Thus, we concluded the Board lacked authority to consider the merits of the claimant's appeal from the referee's decision and properly refrained from doing so.

Our careful review of Haley fails to disclose any support for Claimant's position here.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamar H. Young,                :
             Petitioner      :
                              :
        v.                :    No. 695 - 700 C.D. 2015
                              :
Unemployment Compensation   :
Board of Review,               :
             Respondent   :

# **O R D E R**

**AND NOW**, this 28th day of April, 2016, the orders of the Unemployment Compensation Board of Review are **AFFIRMED**.

 

                            _____
                            ROBERT SIMPSON, Judge