IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael B. Selig,                                    :
                                                     : No. 2600 C.D. 2015
                              Appellant              : Submitted:  April 29, 2016
                                                     :
                    v.                               :
                                                     :
The Zoning Hearing Board of North                    :
Whitehall Township                                   :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                          FILED:  August 8, 2016


        Michael B. Selig appeals, *pro se*, from the November 16, 2015, order of
the Court of Common Pleas of Lehigh County (trial court) that dismissed Selig's
"Zoning Appeal Notice and Petition for Permission to Appeal the Zoning Hearing
Board and Trial Court Decisions *Nunc Pro Tunc*."  We affirm.


        Aerotierra, LLC (Aerotierra) owned property located at 5471 Route 309,
Schnecksville, Pennsylvania (Property).  Selig was the sole owner of Aerotierra.  On
June 7, 2012, Selig, in his own name, filed with the Zoning Hearing Board of North
Whitehall Township (ZHB) an application requesting a special exception and a
variance to develop an airport/heliport on the Property.  Selig subsequently amended
the application to name Aerotierra as the owner of the Property and Selig as the
"representative" of Aerotierra.

After several hearings, the ZHB issued a decision on February 13, 2013, denying Aerotierra's request for zoning relief because an airport/heliport is not a permitted use and Aerotierra did not meet the requirements for a special exception to use the Property as an airport/heliport. Selig, individually, appealed to the trial court, which denied the appeal on October 11, 2013, due to Selig's lack of standing because Aerotierra was the owner of the Property. On October 25, 2013, Selig filed a petition for reargument on the issue of standing, which the trial court granted. On January 8, 2014, after reargument, the trial court again denied Selig's appeal for lack of standing.[1] On February 5, 2014, Selig appealed to this court, which affirmed on July 22, 2014, on the basis of the trial court's opinion.

On September 4, 2014, Selig filed a motion for, *inter alia*, recusal of the trial judge. On September 10, 2014, the trial judge recused himself. On September 8, 2014, Selig filed a petition for allowance of appeal of this court's July 22, 2014, order with the Pennsylvania Supreme Court, which was denied on December 30, 2014. The Pennsylvania Supreme Court denied Selig's subsequent request for reconsideration on February 4, 2015. Selig took no further action in this matter.

Nine months later, on November 12, 2015, Selig filed a *pro se* petition seeking permission to appeal *nunc pro tunc* the ZHB's February 13, 2013, decision and the trial court's January 8, 2014, decision. On November 16, 2015, the trial court

---

[1] The trial court noted in its January 8, 2014, order that Aerotierra owned the Property and that Selig filed the appeal *pro se*. Thus, Selig, as a non-lawyer, either committed the unauthorized practice of law in attempting to represent Aerotierra and, therefore, the appeal could not be recognized by the trial court, *see Walacavage v. Excell 2000, Inc.*, 480 A.2d 281, 284 (Pa. Super. 1984) (determining that a corporation cannot proceed *pro se* or with non-attorney representation), or Selig filed the appeal individually and lacked standing. (Trial Ct. Op., 1/8/14, at 1 n.1.)

2

dismissed Selig's November 12, 2015, petition.[2]  On December 14, 2015, Selig filed a notice of appeal with the trial court.  On December 16, 2015, the trial court filed its Pa. R.A.P. 1925(a) opinion stating that it dismissed Selig's appeal because Selig had already exhausted all available appellate relief in this matter.  On December 18, 2015, Selig appealed the trial court's November 16, 2015, order to this court.[3]

Initially, Selig argues that he is entitled to *nunc pro tunc* relief.  An appeal *nunc pro tunc* will be allowed where the delay in filing the appeal was caused by extraordinary circumstances such as fraud or a breakdown in the court's operations, *Borough of Duncansville v. Beard*, 919 A.2d 327, 330 (Pa. Cmwlth. 2007), or where "unique and compelling" non-negligent actions of the appealing party, counsel, or a third party caused the delay, *Schofield v. Department of Transportation, Bureau of Driver Licensing*, 828 A.2d 510, 512 (Pa. Cmwlth. 2003).

Selig requests an appeal *nunc pro tunc* "on the basis of later discovered Fraud, Breaches of Jurisdiction and Failure to perform ministerial duties by the non-quorum ZHB members and by the trial court."  (Selig's Br. at 18.)  Selig contends that because the trial judge subsequently recused himself at Selig's request on September 10, 2014, the trial court's October 11, 2013, order is void and, therefore, he has standing to appeal the ZHB's February 13, 2013, decision.  We disagree.

---

[2] On November 30, 2015, Selig filed a memorandum of law in support of a petition for reconsideration but failed to file a petition for reconsideration.  Thus, the trial court did not act on his memorandum.

[3] Our review of a trial court's dismissal of a *nunc pro tunc* appeal is limited to determining whether the trial court abused its discretion.  *Union Electric Corporation v. Board of Property Assessment, Appeals and Review of Allegheny County*, 746 A.2d 581, 583 (Pa. 2000).

3

The issue of Selig's standing was determined by the trial court prior to the judge's recusal. Selig appealed the trial court's decision to this court, and we determined on July 22, 2014, that Selig did not have standing to appeal. Selig further petitioned the Pennsylvania Supreme Court for allowance of appeal, which it denied. Thus, the issue of standing has been finally determined.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael B. Selig,              :
                                : No. 2600 C.D. 2015
               Appellant    :
                                :
             v.                :
                                :
The Zoning Hearing Board of North   :
Whitehall Township              :

O R D E R

AND NOW, this 8<u>th</u> day of <u>August</u>, 2016, we hereby affirm the November 16, 2015, order of the Court of Common Pleas of Lehigh County.

_____
ROCHELLE S. FRIEDMAN, Senior Judge